Argued April 4; affirmed May 9; rehearing denied June 6, 1933

# MUTUAL LIFE INSURANCE CO. OF NEW YORK *v.* MUCKLER

(21 P. (2d) 804)

*Ralph H. King,* of Portland (McCamant, Thompson & King, of Portland, on the brief) for appellant.

*Loyal H. McCarthy,* of Portland (Paul A. Sayre, of Portland, on the brief) for respondent.

CAMPBELL, J. Plaintiff sues to have a policy of insurance for the sum of $2,500, in which defendant is beneficiary, issued by it on the life of Harold O. Muckler, declared void and of no effect.

The application for this policy was made on May 11, 1928, and the policy delivered to the insured May 26, 1928. The insured died January 28, 1929, and proofs of death were thereafter made in compliance with the terms of the policy. Plaintiff bases the right to have the policy declared void, first, because of the answers made by the insured to certain questions propounded in the application; second, because the policy was not delivered to and received by the insured during the continuance of good health. The questions and answers referred to are as follows:

"16. What illnesses, diseases and surgical operations have you had since childhood? None.

"17. State every physician or practitioner who has prescribed for or treated you or whom you have consulted in the past five years for any ailment serious or not serious. None.

\*　　　\*　　　\*　　　\*　　　\*

"20. Are you in good health? Yes".

Questions 18 and 19 are simply repetitions of 16 and 17 in another form.

Plaintiff alleges that the answers to the foregoing questions were knowingly false and made for the purpose of deceiving it, and were intended that it should rely thereon, and that it did rely thereon in executing the policy of insurance which it now asks to have canceled and declared void. It alleges wherein the answers were false, especially in that at the time said application was made and said answers were given, that the insured was suffering from the disease that later caused his death.

To the complaint, defendant filed an answer which in effect admits the allegations of the complaint except those imputing fraud to the insured, and denied that the insured was not in good health at the time he made the application and at the time the policy was delivered and received. By way of separate answer and counterclaim, defendant alleged, in effect, the execution and delivery of the policy of insurance, the payment and acceptance of all the premiums as they became due. Defendant also alleged that plaintiff was notified in the latter part of October of the illness and incapacity of the insured but, notwithstanding that knowledge, it accepted premiums as they fell due. Defendant further alleged facts constituting a full compliance with all the terms of the policy on the part of the insured, the death of the insured and the necessary proofs thereof being furnished to plaintiff and prayed for judgment in the full amount of the policy. Defendant also alleged that more than six months had elapsed since the proofs of death were made and asked for $500 attorney fees.

To this answer plaintiff filed a reply which was, in effect, a denial of all the new matter alleged in the answer except such as was in conformity with the allegations of the complaint.

The cause went to trial before the court, without a jury, who found in favor of defendant, dismissed plaintiff's complaint, gave defendant judgment for the full amount of the policy, with interest, costs and attorney fees. Plaintiff appeals.

The insured was an accountant in the employ of a railroad company. He had been so engaged for about 23 years. During all of this time he was absent from his employment less than one week from all causes. Sometime in May or June of the year 1928, his immediate superior began to observe that the insured was slowing up in his work. He was unable to accomplish the results that he had theretofore. He had difficulty in getting his accounts to balance and make reports on time. In the latter part of June, 1928, the official in charge of the office where he worked insisted that he take a leave of absence for three months, to begin July 1, 1928. The insured protested that he was feeling fine, and did not wish to leave his work, and would only accept such vacation on condition that he would be reinstated in his position when he should return at the end of that time.

The insured died on January 28, 1929, of chronic leptomeningitis.

■ The court was justified in finding from the evidence that if the insured was suffering from any disease at the time of making the application for the policy of insurance, he had no knowledge of such fact.

There was testimony that sometime before making the application, the insured had to be away from his work one day on account of a fainting spell. It is not at all likely that when deceased stated he had no illness or disease within five years he would consider an indisposition causing the loss of but one day from his employment as an illness or disease.

The law in effect when the application was made required the policy issued to provide therein:

"That all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties; * * *". Oregon Code 1930, section 46-506.

██ The policy contained a clause in conformity with this law. The alleged false statements by the insured in the application are representations and before plaintiff could avail itself of the falsity as a cause for cancellation, it must show that such statements, if false, were made knowingly. Knowledge of the falsity of the representations is a necessary element of an action for false representations. *Palmiter v. Hackett,* 95 Or. 12 (185 P. 1105, 186 P. 581); 12 R. C. L. 392, § 82.

The medical witnesses, reputable physicians of Portland, Oregon, all testified that the disease was in all probability present in the insured for some time before he made application for the insurance. They testified with equal assurance that the insured or anyone else might be afflicted with such disease for many years, "five, ten, fifteen or even twenty," and show no outward indications thereof, and that the person afflicted might be totally unaware of its presence in his system.

██ The preponderance of the evidence shows that the insured did not know he was afflicted with any disease at the time of makinig his application or at the time of the receipt of the policy, and that all the answers made to the questions asked, either by the medical examiner, or in the application, were made in good faith and to the best of his knowledge. *Mutual Life Insurance Co. v. Chandler,* 120 Or. 694 (252 P. 559).

■ The policy issued contained the following provision:

"The proposed policy shall not take effect unless and until delivered to and received by the insured, the beneficiary or by the person who herein agrees to pay the premiums during the insured's continuance in good health, and unless and until the first premium shall have been paid during the insured's continuance in good health; except in case a conditional receipt shall have been issued as hereinafter provided".

The plaintiff claims that the foregoing provision is a condition precedent to the policy becoming effective; that in order for the policy to go into effect the insured must have been in good health at the time of his receipt of said policy.

The real question presented by the record in this case is, what is the proper construction to place upon the foregoing condition?

In *Logan v. New York Life Ins. Co.,* 107 Wash. 253 (181 P. 906), the policy contained the following provision:

"That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health".

■ A number of cases cited by appellant have a similar provision. It will be observed that many of these cases are distinguishable from the instant case from the wording of the conditions. During my lifetime and "good health" and during "continuance of good health" have different meanings. The insured is obliged to disclose any change in his health coming to his knowledge which would affect the insurability of the risk.

In *Mutual Life Insurance Co. v. Mandelbaum,* 207 Ala. 234 (92 So. 440, 29 A. L. R. 649), the condition in the policy in that case is the same as the one in the instant case, but the law of that state is different from the law of this state. Section 4572 of the Alabama Code of 1907, the law under which the cause was decided, provides:

"No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss".

The court in that case treated the provision of delivery during the continuance of good health, not only as a condition precedent but as a warranty. The Oregon law prohibits such a construction, as in the absence of fraud all statements made shall be considered representations and not warranties.

■ The authorities are not harmonious on the question of what is good health, yet their conflict "is more apparent than real," because of the various wordings of the policies and the difference in the laws of the several states. Under the provision as expressed in the policy in the instant case, "the continuance of good health," and under the law of this state, Oregon Code 1930, § 46-506, the provision should be construed as meaning the same condition of health as the insured enjoyed at the time of making the application or of his medical examination.

"It has been held that unsoundness of health, as is here intended, refers only to such as arose after the examination and application for insurance; and that although the insured was not in sound health when examined, a valid delivery and completion of the con-

tract might be made, if there had been no change between examination and delivery. The insurer must look to the statements of the application and the corresponding provisions of the policy, and not to the clause as to sound health to be relieved from liability based upon conditions that rendered the contract an uninsurable risk. Metropolitan Life Insurance Co. v. Moore, 25 Ky. Law Rep. 1613, 79 S. W. 219''. Stephenson v. Allison, 138 Am. St. Rep. 63, note.

We have carefully examined the numerous citations in appellant's brief and to attempt to distinguish all the cases cited would stretch this opinion to an unreasonable length.

It will be observed that the policy contains the following provision:

"$—— in cash has been paid to the soliciting agent and conditional receipt No.——, signed by the secretary of the company, and countersigned by the agent, has been issued making the insurance in force from this date, provided this application shall be approved''.

Therefore if the insured had paid the premium in advance, and the application should be approved, which it was, the insurer would have accepted the risk and issued the policy. No change had taken place in the insured's condition of health between the date of the application and the date of the receipt of the policy. The insurer was given the very same risk it was willing to accept if the first premium had been paid at the date of the application.

The judgment will be affirmed.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.