The RELIABLE LIFE INSURANCE COMPANY, Appellant,

v.

Ella GRAY, Appellee.

No. 8004.

Court of Civil Appeals of Texas, Texarkana.

Jan. 19, 1971.

Rehearing Denied Feb. 23, 1971.

Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

B. A. Britt, Jr., Harkness, Friedman & Kusin, Texarkana, for appellee.

CHADICK, Chief Justice.

The basic insurance agreement contained in an industrial life insurance policy issued by Reliable Life Insurance Company in which Lola M. Birl was named as the insured and Ella M. Gray as beneficiary is as follows, to-wit:

"THE RELIABLE LIFE INSURANCE COMPANY agrees to pay to the Beneficiary on receipt of due proof of the death of the Insured and not later than two months after receipt of such proof, the Amount of Insurance stated in this Policy if premiums are paid as required. The premium for this Policy is due each Monday in every year, beginning with the Policy Date, and continuing until the anniversary date of the Policy immediately preceding the seventy-fifth birthday of the Insured. *This Policy shall become effective on the Policy Date if the Insured is then alive and in good health, but not otherwise."* (Emphasis added.)

In a district court lawsuit brought by the beneficiary against the company, the parties stipulated facts making out a prima facie case for recovery by the plaintiff, subjected to being defeated by a negative determination of the single issue of whether or not Lola M. Birl was in good health on May 13, 1968, the date the policy was issued. In response to a special issue making such inquiry the jury found in the affirmative and judgment for the plaintiff was entered accordingly. As the appeal presents the matter at issue, the judgment of the trial court should be affirmed, unless as a matter of law the trial record conclusively establishes that Lola M. Birl was not in in good health on May 13, 1968. Great American Reserve Insurance Company v. Britton, 406 S.W.2d 901 (Tex.Sup. 1966).

Although the *Britton* case is instructive and frequently adverted to by the appel-

lant, there is a difference between the issue concerning good health to be decided in this appeal and the issue of good health discussed in that case's majority opinion. In the *Britton* case, the majority acted on the premise that it was conclusively proved that the deceased had *heart trouble*, or *angina pectoris*, or *coronary insufficiency*, and the question decided was whether or not any or all of these conditions affecting the insured were a disease or bodily infirmity of a substantial nature which would seriously affect the general soundness and healthfulness of the insured's physical system, or materially increase the risk to be assumed by the insurer. *Britton* and others cited therein sets out the standards for measuring good health and also noted that a good health provision of a policy is breached if the insured at the date of the policy "is suffering from a serious kind of illness which continues and eventually causes death." The majority held the evidence in *Britton* was not sufficient to conclusively prove the insured was not in good health at the date the policy was issued. Here, in the present appeal, a different question from that at issue in *Britton* must be decided. Here, the evidence conclusively shows, and it must be so held, that Lola M. Birl was at the time of her death afflicted with a cancerous condition that directly caused her death; but the question remains as to whether or not it is conclusively proven that she was afflicted with this cancerous condition on May 13, 1968, the date the life insurance policy issued. The record will be examined to determine whether or not the evidence is conclusive or merely raises an issue of fact for jury determination.

On search of the entire record, it is found that Lola M. Birl's daughter and brother-in-law both testified that prior to the date of the policy Lola M. Birl appeared healthy, made no complaint suggesting the onset of disease or of physical infirmity, and that she carried and performed a very heavy houshold workload. In her home she cooked and did housekeeping chores, including washing and ironing for ten people. From this it may be inferred that she was strong, and so far as common experience and the naked eye were concerned, healthy. But there is no evidence, medical or otherwise, that the appearance of health or absence of complaint and performance of such tasks excludes the existence on May 13, 1968, of the cancerous condition from which she died; for ought the record shows, her appearance and conduct is compatible with the cancerous condition later found to exist at the time of her death. The particulars of the nature and progress of the disease of cancer are not matters of common knowledge. American Casualty & Life Co. v. Gueringer, 205 S.W.2d 423 (Tex.Civ.App. San Antonio 1947, no writ) expressed in *Britton*, supra; Insurance Company of North America v. Myers, 411 S.W.2d 710 (Tex. Sup.1966).

The existence of the cancerous condition and the cancer as the cause of death was confirmed by an autopsy after Lola M. Birl's death on June 17, 1968. Two medical doctors testified, and a hospital report and the autopsy report were introduced in the evidence. Each of the medical witnesses, one a general practitioner, the other a surgical specialist, testified in response to hypothetical questions that in their opinion Lola M. Birl's cancerous condition antedated the issuance of the policy. This evidence standing alone would be conclusive on the issue, but the doctors gave other answers which the appellees insist diluted or tended to contradict such opinions, thus raising a fact issue subsequently settled by the jury's answer to the special issue submitted.

In the course of a deposition the general practitioner, Dr. G. U. Jamison, testified as follows, to-wit:

"Q. Doctor, based upon your examination of the patient and your physical findings, and based upon the history given to you by the patient, do you have an opinion as to whether or not this patient was in good or bad health on May 13, 1968?

A. On May 13, 1968—Yes, and I saw her on the 18th—it's hard to see how she could have been as ill as she was and would have been well on the 13th, but it is certainly possible. If this was a torsion of a cyst or something of that sort, it could have been a sudden thing."

The question asked restricted the doctor's answer to an opinion based upon his examination of the patient and the history given by her. Thus restricted, he expressed an opinion that it was possible for Mrs. Birl's illness to have originated after May 13, 1968. But this question and answer was followed immediately by the following question and answer, to-wit:

"Q. Well, Doctor, assume that this patient died on June 19, 1968, from a cancerous tumor in the pelvic area, abdominal area, based upon that assumption, would you have an opinion based upon reasonable medical probability as to whether or not she was or was not in good health on May 13, 1968.

A. Based upon that assumption, she, of course, was not in good health, no."

The last question was hypothetical in nature and included the fact that Mrs. Birl had died on June 19, 1968, from a cancerous tumor. In response to the question the expert expressed the definite opinion that Mrs. Birl was not in good health on May 13, 1968. In a similar vein the other medical expert, Dr. W. D. Dawson, gave substantially similar answers to nearly identical questions. On fair appraisal the medical evidence is conclusive that Lola M. Birl was not in good health on May 13, 1968, and presented no issue of fact for jury determination.

Having reached the conclusion last expressed, disposition of the appeal is controlled by Commercial Travelers Casualty Co. v. Biscamp, 310 S.W.2d 674 (Tex.Civ. App. Beaumont 1958, no writ); Lincoln Income Life Insurance Company v. Mayberry, 162 Tex. 492, 347 S.W.2d 598 (Tex. Sup.1961). See also Travis Life Insurance Co. v. Rodriquez, 326 S.W.2d 256 (Tex. Civ.App. Austin 1959, no writ). It is ordered that judgment of the trial court be reversed and judgment is here rendered that Ella Gray take nothing by her suit.