ATKINSON–DAUKSCH AGENCIES, INC., Plaintiff-Appellant,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 73–1247.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1973.

Decided Dec. 13, 1973.

Jack R. Alton, Columbus, Ohio, for plaintiff-appellant; Lane, Alton & Horst by Collis Gundy Lane, Columbus, Ohio, on brief.

Michael G. Long, Columbus, Ohio, for defendant-appellee; James O. Seymour, Vorys, Sater, Seymour & Pease, Columbus, Ohio, on brief.

Before EDWARDS and CELEBREZZE, Circuit Judges, and KRUPANSKY,* District Judge.

PER CURIAM.

This is an action wherein plaintiff insurance agency as beneficiary seeks recovery of $200,000.00, the face value of a life insurance policy purportedly issued by the defendant on the life of its president, Robert O. Miller.

Finding no disputed issues of material fact the district court granted defendant's motion for summary judgment from which plaintiff appealed.

In substance the record reflects that on September 24, 1968, plaintiff's president, Robert O. Miller, delivered a duly executed application for a $200,000.00 life insurance policy on his life payable upon his demise to the Atkinson-Dauksch Agencies, Inc., the plaintiff herein.

Conspicuous immediately above the signatures of Miller and plaintiff's agent was the following language:

A. The foregoing statements and answers are complete, true and correctly recorded, and with all Parts B of this application shall form the basis for and be a part of any contract of insurance.

B. If an advance payment is made with this Part A, and if the total amount of all insurance now in force plus the amount applied for in this and all other applications now pending on the life of the proposed Insured in this Company, does not exceed either $250,000 life insurance or $100,000 accidental death benefit, the contract of insurance shall take effect as provided in and subject to the terms and conditions of Conditional Receipt Form 156–CR–67 bearing the same date and number of this Part A. If the contract of insurance does not take effect as provided in such Conditional Receipt it shall take effect as of the Date of Issue of the policy but only upon delivery to and receipt by the Applicant of the policy and payment of the premium thereon, and only if at the time of such delivery and payment each person proposed for insurance in Parts A and B of this application, including the proposed Insured, is living and has not consulted, been examined, or been treated by a physician or practitioner since the latest Part B pertaining to such person was completed.

C. No agent or medical examiner is authorized to make or discharge contracts or waive or change any of the conditions or provisions of any application, policy or receipt, or to accept risks or pass upon insurability. Notice to or knowledge of any agent or medical examiner, whenever given, is not notice to or knowledge of the Company.

On October 5, 1968, while attending a convention of insurance agents at the Greenbrier Hotel, White Sulphur Springs in West Virginia, Miller experienced indigestion pains and consulted Dr. Brody for examination and treatment. Miller was admitted to the Chesapeake & Ohio Hospital in Clifton Forge, Virginia, on October 6, 1968, upon the request of Dr. Brody. He was examined and treated at the hospital by Dr. Charles Ballou who found no indication of myocardial infarction from a

* The Honorable Robert B. Krupansky, United States District Judge for the Northern District of Ohio, sitting by designation.

number of electrocardiograms performed under his supervision at the hospital. He was discharged on October 9, 1968, with a diagnosis of a small, sliding hiatus hernia and directed to immediately consult his own physician upon returning to his home in Columbus. It should be noted that Miller had a history of high blood pressure dating to at least 1964, which fact had been disclosed to defendant. Miller consulted his personal physician, Dr. George Clouse upon returning to Columbus who examined him on October 14, 1968. Dr. Clouse arrived at no negative findings. On October 15, 1968, Miller notified Dr. Clouse of recurring epigastric. pain. Tranquilizers were prescribed. On October 16, 1968, Miller again experienced epigastric discomfort and expired that evening. Cause of death was listed as myocardial infarction due to coronary artery and hypertensive heart disease.

The defendant had written the policy of insurance here in question on October 10, 1968. It was delivered to Miller personally on October 14, 1968, however, neither Miller nor any representative of plaintiff company notified defendant or its representative of Miller's physical condition or continuous medical consultation and treatment which commenced on October 5, 1968.

Defendant refused payment on the policy and tendered the return of the first premium payment which had been deposited with plaintiff's application. Disclaimer is predicated upon Part B of the application, that is, plaintiff's failure to notify defendant of Miller's medical consultation and treatment during the interim between the filing of the application for insurance and delivery of the policy.

The issue to be here decided is not one of fraud or misrepresentation, but one of contract law presented by an agreement between sophisticated parties.

It is conceded that Miller consulted and received medical treatment during the period defined by the policy, in fact, he was consulting with his physician at the period of time the policy was delivered. It is further conceded that defendant had not been made aware of the medical consultation and treatment.

The basic law to be applied in this case is Ohio law. It appears to be stated in Metropolitan Life Ins. Co. v. Howle, 62 Ohio St. 204, 56 N.E. 908 (1900); Metropolitan Life Ins. Co. v. Howle, 68 Ohio St. 614, 68 N.E. 4 (1903); and New York Life Ins. Co. v. Wertheimer, 272 F. 730 (N.D.Ohio 1920). While these cases arise out of somewhat different facts than our instant case, they seem to support the result reached by the District Judge.

Appellant urges the adoption of the pronouncements of the Tenth Circuit in Major Oil Corporation v. Equitable Life Assurance Soc. of U. S., 457 F.2d 596 (10th Cir. 1972), which exhibits a strong policy against forfeitures as opposed to this Court's enforcement in Subar v. New York Life Ins. Co., 60 F.2d 239 (6th Cir. 1932), of a similar contract clause to the one in dispute in this case.

We declined to reconsider *Subar* in the context of this case where the claimed insured was himself president of an insurance agency and familiar with insurance law and practice, and where the intervening health problem and medical treatment were neither insignificant nor totally unrelated to claimed insured's heart problem.

Accordingly, the judgment of the district court granting defendant's motion for summary judgment is affirmed.