Argued and submitted October 28, 1983, resubmitted In Banc May 2, reversed and remanded on appeal, affirmed on cross-appeal May 9, reconsideration denied July 13, petition for review allowed September 18, 1984 (297 Or 824)
See 299 Or 169, 700 P2d 231 (1985)

## OLSEN,
### *Respondent-Cross-Appellant,*

*v.*

## FEDERAL KEMPER LIFE ASSURANCE COMPANY,
### *Appellant-Cross-Respondent.*

### (81-10-06171; CA A26516)

681 P2d 144

Janice M. Stewart, Portland, argued the cause for appellant-cross-respondent. With her on the briefs was McEwen, Hanna, Gisvold, Rankin & VanKoten, Portland.

Roger Tilbury and Richard Haeder, Portland, argued the cause and filed the briefs for respondent-cross-appellant.

JOSEPH, C. J.

Richardson, J., dissenting.

## JOSEPH, C. J.

Plaintiff brought this action on a policy insuring the life of her deceased husband. The defendant insurer appeals from a judgment entered on a jury's verdict in plaintiff's favor. Plaintiff cross-appeals, contending that the award of attorney fees to her was inadequate. We reverse and remand with instructions on the appeal and affirm on the cross-appeal.

On December 2, 1980, the decedent, a resident of Vancouver, Washington, completed the application process for life insurance at the Portland office of defendant's agent. The application contained this provision:

"* * * [T]he Company shall incur no liability under this application until it has been received and approved, a policy issued and delivered and the full first premium specified in the policy has actually been paid to and accepted by the Company, all while the health, habits and any other condition relating to each person proposed for insurance are as described in this applicaction [sic] * * *."

On January 2, 1981, the decedent learned that he was suffering from cancer. He did not inform the insurance company of that post-application change in his health. On January 16, the policy was delivered[1] to the decedent, and the first premium was paid by him at the agent's office. The "policy date" was shown as "January 1, 1981," and the premium was calculated from that date. The decedent died of cancer on February 14, 1981.

Defendant assigns as error the denial of its motion for a directed verdict, the denial of its motion for judgment notwithstanding the verdict and numerous other rulings bearing on whether the policy ever took effect.[2] Plaintiff argues

---

[1] The application containing the language quoted in the text was delivered with and was made part of the policy. *See* ORS 743.045(1).

[2] Defendant also makes other assignments of error, which may be summarized: First, the law of Washington, which is arguably more favorable to defendant's position than Oregon law, should apply; second, defendant is not liable, because misrepresentations or concealments by the decedent make the policy voidable; and, third, the trial court erred by permitting plaintiff to introduce evidence of the decedent's character to rebut defendant's fraud defenses. Because we hold that defendant should have had a directed verdict and because our holding presents no conflict with Washington law, *see Williams v. Metropolitan Life Ins Co.,* 10 Wash App 600, 519 P2d 1310 (1974), and cases cited therein, it is unnecessary to address those other assignments. There can be no conflict of laws problem without there being a conflict of laws.

that the policy took effect on January 1, 1981, the "policy date" on the face of the policy. Defendant contends that, because the health and condition of the insured did not continue to be "as described in [the] application" until the time of delivery and premium payment on January 16, 1981, "the insured failed to meet the condition precedent to formation of the insurance contract [and] no coverage attached." We agree.

■ The issue is not *when* the insurance became effective but *whether* it ever became effective at all. Defendant told the decedent that the insurance would not be effective *even if* the application had been received and approved, a policy had been issued and delivered and the first premium had been paid and accepted unless the "health, habits and any other condition relating to each person proposed for insurance are as described in this application" when those acts occurred. Clearly the applicant's health did not remain the same between the signing of the application and the delivery of the policy. If the language in the application was a condition precedent to the effectiveness of the policy, it was not satisfied; and defendant was entitled to a directed verdict as a matter of law.

There can be no reasonable doubt that defendant intended the language in the application[3] to be a condition precedent to its liability on the policy, and that language itself is not claimed to be ambiguous. Plaintiff argues that the "policy date" in the delivered policy (January 1, 1981) and the language in the application are inconsistent and that the inconsistency creates an ambiguity that should be resolved in favor of the insured. There appear to be only three Oregon cases that arguably bear on the question.

In *Stinchcombe v. N.Y. Life Ins. Co.,* 46 Or 316, 80 Pac 213 (1905), the policy had been issued and delivered on July 10, 1894. The first premium was paid on July 24 of that year. The insured died on July 3, 1896. The policy had an

---

[3] The language appears in the original application, which the decedent signed in October, 1980. Because he had diabetes, defendant required additional medical information from him. The supplemental application containing that information was completed on December 2. Because of the diabetes, the company "rated" the premium when it accepted the application on December 19. The policy was not actually issued until January 16, 1981.

anniversary date of May 5, 1896, on which date the next two years' premium was due and payable. The question was whether the policy had *lapsed* by reason of nonpayment of the premium on May 5, the insured having died on July 3, 1896. Because the court concluded that the possibility of a "forfeiture" was involved, it reasoned that the payment of the original premium on July 24, 1894, created liability on the original policy until July 24, 1896, encompassing the period during which the insured died. Unlike the question before us, in *Stinchcombe* there was no question *whether* the policy ever came into effect in the first place.

Similarly, *Krause v. Washington Nat. Ins.,* 255 Or 446, 468 P2d 513 (1970), decides only that payment of the initial premium by the insured was *not* a condition precedent to coverage. However, the court pointed out that provisions in insurance contracts, including applications made part of the policy, which are conditions precedent to the consummation of the contract are held to be effective in accordance with their terms. 255 Or at 446. The language purportedly making payment of the first premium a condition precedent was held to be ambiguous and therefore not a condition precedent. There is nothing ambiguous about the language involved in this case.

The third case is *Mutual Life Ins. Co. v. Muckler,* 143 Or 327, 21 P2d 804 (1933), which involved this language:

> "Proposed policy shall not take effect * * * unless and until the first premium shall have been paid during the insured's continuance in good health."

The insurer sought to have the policy cancelled by reason of certain alleged misrepresentations made in the application. The trial court's determination that, at the time of making the application, the insured had no knowledge that he was ill or diseased, even though the eventual cause of death then existed, was upheld on appeal. The quoted language was held not to defeat coverage, as a condition precedent, because the insured still did not know of the disease when the policy was delivered. The court recognized that an "insured is obliged to disclose any change in his health coming to his knowledge which would affect the insurability of the risk." 143 Or at 332. In the instant case, the decedent knew of his having cancer when the policy was delivered.

██    The holdings of those cases do not decide this one, which is quite simple: The company told the applicant that the insurance would not be effective *even if* the application had been received and approved, a policy had been issued and delivered and the first premium had been paid to and accepted by the company unless the "health, habits and any other condition relating to each person proposed for insurance are as described in this application * * *." That condition precedent to the effectiveness of the policy was not satisfied, and the decedent knew that when the policy was delivered.

Reversed and remanded on the appeal with instructions to enter a judgment for the defendant; affirmed on the cross-appeal.

**RICHARDSON, J.,** dissenting.

The issue in this case is whether the policy became effective on the January 1, 1981, "policy date" shown on its face, notwithstanding the provision in the application that defendant

"* * * shall incur no liability under this application until it has been received and approved [and] a policy issued and delivered * * * all while the health, habits and any other condition relating to each person proposed for insurance are as described in this application * * *."

The majority reasons that that provision was intended by defendant as a condition precedent to coverage, that the provision *in itself* is unambiguous and that the condition was not satisfied. All of those premises are correct, but they beg the question. The application containing the provision was delivered with and made part of the policy. *See* ORS 743.045(1). Accordingly, the provision must be read with other relevant provisions of the policy, *e.g.,* the stated effective date,[1] to determine if there is an ambiguity as to whether or when coverage became effective. The majority finds no ambiguity, because it concentrates on one of the conflicting provisions and disregards the other. I think the ambiguity is patent and, resolving it in favor of coverage, I would hold that the

---

[1]Defendant suggests that the term "policy date" is not synonymous with "effective date." If that suggestion were correct, defendant would be in violation of ORS 743.054(1)(d). Nothing else in the policy specifies "[t]he time when the insurance thereunder takes effect * * *."

policy became effective on the specified policy date, one day before the insured learned of his disease.

I agree with the majority that no Oregon Supreme Court decision is *controlling.* However, the majority's discussion of *Stinchcombe v. N. Y. Life Ins. Co.,* 46 Or 316, 80 P 213 (1905) seems to me to dwell on the factual differences between that case and the present one at the expense of addressing the legal analysis in *Stinchcombe.* I think that analysis is apposite here. The policy in *Stinchcombe* specified that May 5, 1894, was the anniversary date for the payment of premiums. However, the application provided that the policy was not to take effect until the "actual payment to and acceptance of the premium" by the insurer, which occurred on July 24, 1894. The insured died on July 3, 1896, without having paid a renewal premium. The issue was whether the coverage procured through the initial two-year premium payment expired on May 5, 1896, or extended to July 24, 1896. The court held that coverage was in effect through the latter date, and explained *inter alia:*

> "* * * [A]s between inconsistent, conflicting, and incongruous provisions, of doubtful and ambiguous significance, in a policy of insurance, it being manifest that the form and all the necessary conditions are the statements [of the insurer], the construction most favorable to the assured will be adopted and applied * * *." 46 Or at 322.

The majority states that, in *Stinchcombe,* "there was no question whether the policy ever came into being in the first place." That is of course correct: in *Stinchcombe,* the inconsistency between the provisions of the policy related to a different matter. However, the inconsistency *in this case* is between one provision that says that, under these facts, the policy *could not* take effect, and a second provision that says that the policy *did* take effect. The ambiguity here is every bit as subject as the one in *Stinchcombe* to the principle of construction articulated in that case and in countless cases decided before it and since — that ambiguities in insurance contracts are to be construed against the insurer. That principle and others favorable to coverage have been followed by the preponderance of and the better case authority involving

issues analogous to the one before us. *See Annot.,* 44 ALR2d 472, 476, 509-11 (1955).

I respectfully dissent. Warden and Rossman, JJ., join in this dissent.