Argued and submitted November 7, 1984, affirmed May 21, reconsideration denied
August 2, 1985

OLSEN,
*Petitioner on Review,*

*v.*

FEDERAL KEMPER LIFE ASSURANCE COMPANY,
*Respondent on Review.*

(A8110-06171; CA A26516; SC S30821)

700 P2d 231

Jacob Tanzer, Portland, argued the cause and filed the petition for petitioner on review. Roger Tilbury and Richard Haeder, Portland, filed the brief in the Court of Appeals for petitioner on review.

Janice M. Stewart, Portland, argued the cause for respondent on review. With her on the briefs was McEwen, Hanna, Gisvold, Rankin & VanKoten, Portland.

ROBERTS, J.

Jones, J., dissented and filed an opinion.

**ROBERTS, J.**

The issue is whether a failure to fulfill a condition precedent to the formation of an insurance contract prevented the policy from becoming effective.

This is an action on a policy insuring the life of plaintiff's deceased husband. The following dates and events are pertinent. On December 2, 1980, the decedent completed an application for life insurance and delivered it to the defendant. The application contained this provision:

> "* * * [T]he Company shall incur no liability under this application until it has been received and approved, a policy issued and delivered and the full first premium specified in the policy has actually been paid to and accepted by the Company, all while the health, habits and any other condition relating to each person proposed for insurance are as described in this applicacion *[sic]* * * *."

On January 2, 1981, the decedent learned that he had terminal cancer. The insurance company was not informed of this change in his health. On January 16, the policy was delivered to the decedent at the agent's office and the decedent made the first premium payment. The policy contains a "policy date" of "January 1, 1981." The premium was also calculated from January 1, 1981. On February 14, 1981, the decedent died as a result of the cancer.

A jury found in favor of plaintiff and a judgment was entered. The defendant appealed, claiming that the court erred in not granting its motion for a directed verdict and its motion for judgment notwithstanding the verdict. The Court of Appeals reversed the trial court and remanded with instructions to enter a judgment for defendant, *Olsen v. Federal Kemper Life Assurance Company,* 68 Or App 90, 681 P2d 144 (1984).

The Court of Appeals majority opinion and the dissent differed on whether there exists an ambiguity concerning the effective date of the policy. The majority held there is no ambiguity because the terms of the condition precedent are clear and were not complied with; the dissent found that an ambiguity exists between the policy date and the preconditions and would decide the case in favor of the insured.

This case turns on the meaning and application of the

last clause in the provision quoted above: "all while the health, habits and any other condition relating to each person proposed for insurance are as described in this applicacion *[sic]*." Throughout this opinion we refer to this clause both as a precondition and a condition precedent. We do not use these terms in their contract law context. We mean that the clause is a condition that must be met before formation of any contract at all.

Plaintiff attempts to compare her situation to three Oregon cases. We find them distinguishable. In *Stinchcombe v. N.Y. Life Ins. Co.,* 46 Or 316, 80 P 213 (1905), the question was whether a policy had lapsed for failure to pay a premium by a specific date. This court held that the policy continued in effect for two years from the date of a premium and not from an earlier "anniversary date" on which the insurer claimed the payment was due. The question was one of continuing effectiveness of the policy, not whether it ever came into effect in the first place.

*Mutual Life Ins. Co. v. Muskler,* 143 Or 327, 21 P2d 804 (1933), involved a provision similar to the one in question here. The policy was not to take effect until the first premium had been paid "during the insured's continuance in good health." The court found insurance coverage because although the insured was diseased at the time of the application, he had no knowledge of that fact when the policy was delivered. The decedent here had knowledge of his disease when the policy was delivered.

In *Krause v. Washington Nat. Ins.,* 255 Or 446, 468 P2d 513 (1970), the court examined the language and circumstances purportedly making the first premium payment a condition precedent, and concluded that it was not a condition precedent because "a condition precedent to coverage must be clear and unambiguous and will not be implied." 255 Or at 459-60. The court also stated that "[w]hen such provisions are included in the insurance contract as conditions precedent they are held to be effective, in accordance with their terms." 255 Or at 457.

Plaintiff, arguing that the issue is one of interpretation of ambiguous terms in the policy, asks us to apply the approach stated in *Shadbolt v. Farmers Insur. Exch.,* 275 Or 407, 551 P2d 478 (1976), that inconsistency is resolved in

favor of the insured and that an insured might reasonably conclude that the application provision has been superseded when he sees the later express provisions of the policy. To the contrary, the effect of ambiguous provisions is not presented here because the "good health" provision was a condition precedent which the decedent was required to fulfill before the policy became effective at all.

■■     Applications for policies of life insurance frequently contain "good health" provisions. These clauses are held to be valid and enforceable and are a condition precedent to the effectiveness of a policy. Both 1 Appleman, Insurance Law and Practice § 151 (1981), and 9 Couch, Cyclopedia of Insurance Law § 39.57 (2d ed 1962), support this characterization of a "good health" provision and also set forth the proposition that no contractual duty arises under a policy until there has been compliance with the conditions precedent. These treatises indicate that the failure to satisfy such conditions results in the failure of the policy to become effective. Even though a policy would otherwise take effect at a certain time, failure to meet the condition precedent prevents it from becoming effective. Appleman writes that "the insurer may provide that the policy shall not become effective until delivered to the insured while he is in good health, and such a provision is valid and binding upon all parties. And, in order for the claimant to recover, he must show the fulfillment of such condition." 1 Appleman, *supra,* § 151 at 483-87. (Footnotes omitted.)

■     Plaintiff directs us to statements in 9 Couch, *supra* at § 39.80, which indicate that when the parties explicitly agree on, or the policy expressly states, its effective date, that date controls over a conflicting provision in the policy that the policy shall not be effective until some later date. We agree with defendant that this statement is directed toward conflicts between policy provisions and stipulations of the parties and has no application here.

Cases from other jurisdictions are in agreement with the conclusion we reach in this case. In *Mutual Life Insurance Co. v. Campbell,* 170 Wash 485, 16 P2d 836 (1932), the court held that a provision in the application for life insurance providing for continuance in good health was not met because the applicant had learned that he was going blind and had

begun a treatment for syphilis before the policy was delivered. The policy of insurance therefore never became effective.

More recently in *Williams v. Metropolitan Life Ins.,* 10 Wash App 600, 519 P2d 1310 (1974), the application provided that the policy would not become effective unless, "at the time of delivery, the Proposed Insured is in the same condition of health as that represented" in a certain portion of the application. The applicant had in fact had a lump removed from his armpit, had noticed continued swelling, had had cobalt treatments and died some seven months after making the original application. The court held that the policy never became effective because the continuing condition of health provision had not been met. The court stated:

> "Respondent apparently concedes that, if the insurance company, before delivery of the policy, had discovered the fact that the insured was in bad health, the company might then have refused to deliver the policy. Respondent also apparently concedes that, if the insured had refused to pay the premium upon the policy when it was offered for delivery, then the company might have refused to deliver the policy and the contract would not take effect. There were three conditions here which were made precedent to the contract becoming effective: first, the payment of the premium; second, the delivery of the policy; and, third, the delivery during the lifetime and good health of the insured. All these conditions must concur before the contract of insurance became effective." 10 Wash App at 603-04, quoting *Logan v. New York Life Ins. Co.,* 107 Wash 253, 181 P 906 (1919).

In *Reliable Life Insurance Company v. Gray,* 464 SW2d 412 (Tex Civ App 1971), the court denied recovery on an individual life insurance policy which provided it became effective on the policy date if the insured was "alive and in good health." After the death of the insured, it was determined that cancer antedated the issuance of the policy. Failure to satisfy a condition precedent rendered the policy ineffective. Similarly, a clause providing that the policy went into effect only if the insured did not consult a physican before delivery of the policy and payment of the premium was upheld in *Atkinson-Danksch Agencies, Inc. v. John Hancock MLI Co.,* 488 F2d 179 (6th Cir 1973). In *Security Benefit Life Insurance Company v. Jackson,* 318 F2d 846 (8th Cir 1963), the court held an insurance policy ineffective because the insured was

not in good health when the first premium was paid as was required by a provision in the application. The court cited *Hampe v. Metropolitan Life Ins. Co.,* 21 SW2d 926 (Mo App 1929), to resolve the question of the effective date of the policy:

> " '[W]here an insurance contract provides that it shall not become effective until the happening of certain contingencies, such as the delivery of the policy during the lifetime or good health of the applicant and the payment of the first premium, but elsewhere recites a prior date of issue or due date, it is the date of delivery and payment which marks the beginning of the effectiveness of the policy, and determines the time when each succeeding premium shall be paid.' " 318 F2d at 851.

In this regard, though plaintiff asserts the contrary, our own case of *Stinchcombe v. NY Life Ins. Co., supra,* is consistent with the analysis in *Security Benefit* and with defendant's theory herein. The policy in *Stinchcombe* did not go into effect until the condition precedent, premium payment, was complied with despite an earlier "policy date." Therefore, the two years insurance for which the insured had contracted did not expire until a full two years from the premium payment.

We hold that this policy did not become effective because the conditions precedent were not fulfilled. The decision of the Court of Appeals is affirmed.

**JONES, J.,** dissenting.

The basis for the majority decision in this case is that the application for insurance constituted a condition precedent to coverage. The application was only efficacious as a condition precedent until it became a part of the policy by operation of law. ORS 743.045(1) reads:

> "* * * Where the contract is made pursuant to a written application therefor, if the insurer delivers a copy of such application with the policy to the insured, thereupon such appliction shall become a part of the insurance policy * * *."

That is exactly what happened in this case. The life insurance company delivered its policy to the insured, the premium was paid and the application became a part of the insurance policy. As such, the provision in the application that reads

> "* * * the Company shall incur no liability under this application until it has been received and approved, a policy issued and delivered and the full first premium specified in the policy has actually been paid to and accepted by the Company, all while the health, habits and any other condition relating to each person proposed for insurance are as described in this application * * *."

is directly contrary to the policy provision that the policy became effective January 1, 1981, one day before this insured learned of his terminal illness.

Whenever there is an inconsistency in an insurance policy, the construction most favorable to the insured will be applied. This has been the consistent law of this state for 80 years:

> "* * * [A]s between inconsistent, conflicting, and incongruous provisions, of doubtful and ambiguous significance, in a policy of insurance, it being manifest that the form and all the necessary conditions are the statements [of the insurer], the construction most favorable to the assured will be adopted and applied * * *." *Stinchcombe v. N.Y. Life Ins Co.*, 46 Or 316, 322, 80 P 213 (1905).

I dissent.