Argued and submitted June 19, reversed and remanded October 5, 1981

## STATE ex rel REDDEN,
*Appellant,*

*v.*

## WILLAMETTE RECREATION, INC.,
dba Ed Lemco Honda-Buick
*Respondent.*

(No. 55925, CA 19781)

634 P2d 286

Ross L. Laybourn, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Edward L. Daniels, Albany, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a civil suit brought by the Consumer Protection Division of the Department of Justice wherein the state alleges that the practices of defendant car dealership violate the Unlawful Trade Practices Act (UTPA), ORS 646.605 to 646.652. The suit seeks injunctive relief, restitution, civil penalties, attorney fees and expenses. Defendant filed a motion for summary judgment. Plaintiff filed a cross-motion for summary judgment and moved to strike portions of defendant's affidavits in support of its motion. The trial court granted defendant's motion and denied plaintiff's motions. Defendant then moved for and was allowed attorney fees. Plaintiff appeals.

The issues on appeal are: did the trial court err (1) in allowing defendant's motion for summary judgment, (2) in denying plaintiff's motion for summary judgment and (3) in awarding attorney fees to the defendant?

On March 31, 1979, Clifford King visited defendant car dealership for the purpose of purchasing a new car. King negotiated with defendant's salesman McGarry, agreeing on a price for a 1979 Honda Accord of $6,714, less $650 for his trade-in vehicle. It was agreed that the used vehicle would remain in King's possession until the Honda was delivered, because the new vehicle to be purchased was not in stock.

In reviewing the purchase agreement prior to sale, King turned the agreement over and read the reverse side. Concerned about paragraph 3, he questioned McGarry about its meaning. It provided that defendant could reappraise the trade-in vehicle at the time of the delivery of the Honda. A sharp conflict in the evidence exists about McGarry's response. Apparently satisifed with that response, King signed the agreement and gave the salesman $300 as down payment on the vehicle. On April 13, 1980, King was told the Honda had arrived. He went to defendant's dealership to sign a new purchase agreement, which included the same terms and was "back dated" by defendant's agent to March 31, 1980.

On April 17, 1980, 18 days after signing the first agreement, King went to the dealership to take delivery. At that time, King was advised by McGarry that the value of his trade-in vehicle had decreased due to a change in its market value and that defendant was reappraising King's vehicle at $200, $450 less than the appraisal 18 days before. This reduction in market value was alleged to be due to the "gasoline shortage" and corresponding decrease in the value of older and larger automobiles. King refused to complete the deal and left the dealership. His downpayment was retained by the defendant.

King then purchased a similarly equipped 1979 Honda Accord from a Eugene dealer. The vehicle was identical except for minor additions which totaled $178 in value. The vehicle was purchased for a price of $6,798, less a trade-in allowance of $600. The following day, the Eugene dealer sold King's used vehicle at wholesale for $450. On April 30, 1980, the vehicle was sold at retail for $1,095. King then filed a complaint with the Consumer Protection Division which brought this suit.

**1, 2.** Plaintiff appeals from an order granting defendant's motion for summary judgment. The issue, then, is whether the pleadings, depositions, and affidavits establish that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law. ORCP 47C. We review the record in the light most favorable to the party opposing the motion, here the plaintiff, giving that party the benefit of all reasonable and proper inferences of fact which can be drawn from the pleadings, depositions and affidavits. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980).

Plaintiff alleges that defendant's reappraisal practices violate ORS 646.608(1)(k) and (s), which provide:

"(1) A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person:

"* * * * *

"(k) Makes false or misleading representations concerning credit availability or the nature of the transaction or obligation incurred;

"* * * * *

"(s)   Makes false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services."

Under paragraph (k), a potential material issue of fact is whether defendant's salesman, McGarry, made a misleading representation concerning the nature of the transaction or the obligation incurred by King when he signed the purchase agreement. Similarly, under paragraph (s), a material issue of fact would be whether King was misled concerning the offering price or the net cost of the Honda. In particular, the alleged misrepresentation concerns the reappraisal clause. Both King's deposition and affidavit claim that in response to his expressed concern about the clause, McGarry told him not to worry and reassured him that the clause applied to situations such as when a traded vehicle is damaged between the time of the initial appraisal and the delivery of the new vehicle. Thus, it could be argued that King understood the clause applied only when the condition of the vehicle had changed prior to delivery. In contrast, McGarry's affidavit offers a different version of the representation concerning the reappraisal clause. Although he concedes they discussed reappraisal for body damage or missing equipment, he asserts he told King the dealer had the right to reappraise the used car for any reason.

Because the accounts of the reappraisal discussion conflict, a genuine issue of material fact was raised for the trier of fact to resolve:   namely, was McGarry's version accurate and thus no misrepresentation was made, or was King's version accurate and so the nature of the reappraisal clause was misrepresented. Viewing the facts in the light most favorable to plaintiff, defendant's agent gave a misleading answer about the circumstances under which the car could be reappraised, *Jones v. Oberg,* 52 Or App 601, 628 P2d 773 (1981), and consequently, we conclude defendant's motion for summary judgment should have been denied.

Plaintiff also asserts that the trial judge erred in denying its motion for summary judgment. An order denying summary judgment is not appealable. *Polsfoot v. Transamerica Title,* 47 Or App 261, 263 n 1, 614 P2d 1173, *rev*

*den* 290 Or 157 (1980); *Hoy v. Jackson,* 26 Or App 895, 554 P2d 561, *rev den* 276 Or 735 (1976); *but see, Cochran v. Connell,* 53 Or App 933, 632 P2d 1385 (1981).

■        Because we reverse the order granting defendant summary judgment, defendant is no longer the prevailing party. ORS 646.632(8). Therefore, the award of attorney fees is reversed.

Reversed and remanded.