CURTIS et al,
*Appellants - Cross-Respondents,*
*v.*
GOLDEN et al,
*Defendants,*
STOREY et al,
*Respondents - Cross-Appellants.*

(No. 79-261 L, CA 19671)

637 P2d 1374

Glenn D. Ramirez, Klamath Falls, argued the cause and filed the briefs for appellants - cross-respondents.

Bradford Aspell, Klamath Falls, argued the cause and and filed the brief for respondents - cross-appellants.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this tort action, plaintiffs alleged that, after they had fully performed on a contract to purchase a new truck from defendants, defendants wilfully and maliciously withheld the title to that truck.[1] They sought general damages for loss of the use of the truck and emotional distress and punitive damages. Defendants answered and counterclaimed, alleging that they were induced to deliver the truck to plaintiffs as a result of plaintiffs' fraudulent representations that certain insurance proceeds would be assigned to them as partial consideration for the truck. Defendants sought general damages in the amount of the unrealized insurance proceeds and punitive damages for fraud.

Plaintiffs moved for partial summary judgment on their complaint on the issue of liability and for a jury trial on the issue of damages. The affidavit of plaintiff McMillan represented that plaintiffs had signed a contract which specified a price for the new truck and that plaintiffs had paid the amount due and were therefore entitled to immediate delivery of the title. Defendants also moved for summary judgment on plaintiffs' complaint and, additionally, moved for summary judgment on their counterclaim. Their motions were accompanied by the depositions of both plaintiffs, affidavits of an insurance agent, two checks from plaintiffs payable to defendants and certain letters relating to insurance. The trial court received and considered this evidence as relevant on the terms and conditions of the contract.

The trial court denied plaintiffs' motion for summary judgment and allowed defendants' motions. The court ruled further that, as a matter of law, the evidence would not support an award of punitive damages on defendants' counterclaim. The judgment order recited:

"The court further finds that a complete and full determination of legal issues raised between the parties has resulted from these proceedings, and pursuant to ORS 18.125 find judgment and execution should issue."

---

[1] Plaintiffs' claim against defendants Dee Golden and Ron Craig, dba Klamath Insurance Company, for alleged failure to provide insurance, is not involved in this appeal.

Plaintiffs assign as errors the trial court's denial of plaintiffs' motion for summary judgment on their complaint and the granting of defendants' motion for summary judgment on their counterclaim.[2] Defendants cross-appeal, contending the trial court erred in ruling that punitive damages could not be awarded. Plaintiffs raise only one issue on appeal: whether the evidence submitted on defendants' motions for summary judgment was admissible under the parol evidence rule. Plaintiffs do not raise an issue of fact in the event that that evidence was admissible. In their cross-appeal, defendants raise only one issue: whether the evidence submitted on their motion for summary judgment on their counterclaim would support an award of punitive damages. [3]

Plaintiffs purchased a truck from defendants in August, 1979. That truck was wrecked in September, 1979. On October 2, the wrecked truck was taken to defendants' body shop. Later that afternoon, plaintiff Curtis obtained a $3,559.43 repair estimate. Defendants contend plaintiffs were advised that same day by Klamath Insurance Company that plaintiffs' wrecked truck was uninsured and therefore no insurance benefits would be paid. Subsequently, Curtis spoke with defendants' salesman, Storey, about trading the wrecked vehicle on a new truck. Thereafter,

---

[2] Plaintiffs also appeal the denial of their motion for summary judgment on defendants' counterclaim. Denial of a motion for summary judgment is not appealable. *State ex rel Redden v. Will. Recreation,* 54 Or App 156, 160, 634 P2d 286 (1981).

[3] The trial court's order was filed November 25, 1980. On November 4, 1980, defendants' counsel wrote a letter to the trial judge, representing in essence that, if the court ruled for defendants on their motions for summary judgment and awarded them general damages, their claim for punitive damages would be dismissed. After the notice of appeal and cross-appeal were filed, and during the process of settling the transcript, defendants objected to inclusion of that letter in the record, because it had not been received or considered by the judge at the time he issued the order allowing defendants' motions for summary judgment. There is no ruling on that objection in the record. Plaintiffs have included a copy of that letter in their reply brief. It could be viewed as a withdrawal of defendants' claims for punitive damages, because the contingencies were met. It could also be viewed as a waiver of defendants' claim for punitive damages. Defendants' motion to strike that letter from the record was apparently not allowed, and their contention that the trial judge did not see the letter is not supported by the record, except that an inference that he did not might be drawn from the fact that he ruled on the question of punitive damages as if the issue still existed. Because the issue is not before us, we do not decide what effect, if any, the letter has on defendants' claim for punitive damages.

plaintiffs came to defendants' place of business and negotiated the purchase of a new truck. It is not disputed that the agreed purchase price for the new truck was $8,951.70. Plaintiff McMillan gave defendants two checks, one for $2,084 and the other for $200. The latter check contains the notation in McMillan's handwriting "Deductible Collision Insurance."

A conflict exists over what was represented and agreed during the negotiations between the parties. Defendants contend that it was agreed plaintiffs would give defendants: (1) title to the wrecked truck; (2) a cash differential of $2,084; (3) an assignment of insurance proceeds of $3,559.43; and (4) the amount of the deductible on plaintiffs' insurance. Plaintiffs deny that they agreed to assign any insurance proceeds to defendants. To support this contention, plaintiffs rely on a document titled "purchase proposal," which both parties signed. That document makes no mention of any insurance proceeds but rather indicates plaintiffs were to receive a "trade-in allowance" of $7,040. Defendants contend that when they learned from plaintiffs' insurance agent sometime after the "purchase proposal" was signed that the wrecked truck was not insured, they contacted plaintiffs and requested that plaintiffs pay the difference on the vehicle, offering to accept cash or to finance the balance. Plaintiffs refused, and this litigation followed.

■ Defendants' counterclaim was a fraud action alleging fraudulent inducement in making the agreement. They did not seek contract damages or specific performance; they sought damages for fraud. Parol evidence was admissible to prove fraud in the inducement of the contractual relationship. ORS 41.740; ORS 42.220.

■ We conclude that the trial court erred in holding that as a matter of law punitive damages would not lie. There was sufficient evidence in the affidavits and depositions to make the issue of punitive damages one for a factfinder. *2-D's Logging Company v. Weyerhaeuser*, 53 Or App 677, 632 P2d 1319, *rev den* 292 Or 109 (1981). *See also Schmidt v. Pine Tree Lane Dev.*, 291 Or 462, 631 P2d 1373 (1981); *but see Hall v. May Department Stores Co.*, 292 Or 131, 637 P2d 126 (1981).

Affirmed in part; reversed in part; and remanded for trial on the issue of punitive damages on defendants' counterclaim.