Argued and submitted January 7, reversed and remanded May 1, reconsideration
denied July 5, petition for review denied August 8, 1985 (299 Or 584)

# KUTBI,
*Appellant,*

*v.*

# THUNDERLION ENTERPRISES, INC. et al,
*Respondents.*

## (A8305-02815; CA A30982)

698 P2d 1044

Wayne Mackeson, Portland, argued the cause for appellant. With him on the briefs was Des Connall, P.C., Portland.

Donald A. Greig, Portland, argued the cause for respondents. With him on the brief were Mark F. Stoker, and McClaskey, Greig & Troutwine, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff was a guest at defendants' motor inn. In his complaint, he alleged that an unknown person entered his room in the late evening of August 4 or early morning of August 5, 1982, when he was not present, and stole items of clothing, jewelry and luggage worth over $100,000. He alleged that the loss was caused by the negligence or gross negligence of defendants and specified 12 acts and omissions to support this claim. Defendants moved for summary judgment, claiming that there was no genuine issue of fact regarding their negligence. The court granted the motion, finding that defendants were not negligent as a matter of law and, alternatively, that plaintiff did not offer in opposition to defendants' motion any evidence that defendants' allegedly negligent acts caused his loss. We hold that summary judgment was improperly granted and reverse.

The statutory context for this case is Oregon's Innkeeper Law, ORS chapter 699. ORS 699.010[1] provides that an innkeeper who maintains in good order a safe or vault fit for the storage of certain small valuable items of property, and

---

[1] ORS 699.010 provides:

"No innkeeper or hotelkeeper, whether individual, partnership or corporation, who constantly has in his inn or hotel a metal safe or suitable vault in good order, and fit for the custody of money, bank notes, railroad mileage books or tickets, negotiable or valuable papers and bullion, jewelry, articles of gold and silver manufacture, precious stones or ornaments which are owned, used, held or carried by any guest not as sample merchandise or for sale, and who keeps on the doors of the sleeping rooms used by guests, locks or bolts, and who keeps a copy of ORS 164.125 and 699.005 to 699.060 conspicuously posted in the hotel or inn, as provided in ORS 699.060, is liable for the loss of or injury to such property suffered by any guest, unless the guest has offered to deliver the property to the innkeeper or hotelkeeper for custody in such metal safe or vault, and the innkeeper or hotelkeeper has omitted or refused to take it and deposit it in such safe or vault for custody and to give such guest therefor a receipt, claim check or key to a separate compartment or box in such metal safe or vault. However, the keeper of any inn or hotel is not obliged to receive from any one guest for deposit in such safe or vault any property described and enumerated in this section exceeding a total value of $300, and shall not be liable to such guest for loss or damage to such property described and enumerated in this section in excess of the sum of $300, whether received or not; except that the innkeeper or hotelkeeper may by special arrangement with a guest receive for deposit in such safe or vault any property, other than that described and enumerated in this section upon such terms as they may agree to in writing. Every innkeeper or hotelkeeper is liable for the loss of any property of a guest in his inn or hotel, whether or not the property has been accepted for safekeeping as provided in this section, if the loss is due to the theft or negligence of the innkeeper, hotelkeeper or any of his servants."

who keeps locks or bolts on the guest rooms and conspicuously posts the innkeeper's liability statutes, shall not be liable for any loss to such property suffered by a guest, unless the guest has offered to deliver the property to the innkeeper for safekeeping and the innkeeper has refused or omitted to accept it. It also provides that an innkeeper is not obliged to accept for safekeeping any of the enumerated property with a value exceeding $300 and shall not be liable to a guest in excess of $300 for the loss of such property, whether received for safekeeping or not. The final sentence of this statute states:

> "* * * Every innkeeper or hotelkeeper is liable for the loss of any property of a guest in his inn or hotel, whether or not the property has been accepted for safekeeping as provided in this section, if the loss is due to the theft or negligence of the innkeeper, hotelkeeper or any of his servants."

■ This statute and its predecessors were enacted to modify the common law's imposition of strict liability on innkeepers for loss or damage to a guest's personal property. *See McIntosh v. Schops,* 92 Or 307, 309, 180 P 593 (1919). The first two sentences retain the rule of strict liability to the extent of $300, if the statutory criteria of the guest's offer and the innkeeper's refusal or omission are met. Nevertheless, the last sentence means that an innkeeper is liable without limitation for the loss of "any property," if the loss is due to the theft or negligence of the innkeeper or his servants.

■ The trial court applied Restatement (Second) Torts § 344 (1965)[2] to find that defendants were not negligent as a matter of law. The court ruled that defendants' posting of the Innkeeper's Law, as required by ORS 699.060, was a sufficient warning to satisfy the obligation of subsection (b) of the Restatement. The court's reliance on section 344 was misplaced, because this section applies to liability for physical harm.

---

[2] Restatement (Second) Torts § 344 (1965) provides:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."

■    Restatement (Second) Torts § 302(B) (1965) reflects the law in Oregon. *See, e.g., Rosensteil v. Lisdas,* 253 Or 625, 456 P2d 61 (1969); *Peck v. Gerber,* 154 Or 126, 59 P2d 675 (1936); *Hamilton v. State,* 42 Or App 821, 601 P2d 882 (1979). It suggests that defendants' conduct may have been negligent, even though the loss may have been due to the criminal act of a third person. It states:

> "An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal."

One basis for this rule is stated in *comment e* to this section:

> "There are, however, situations in which the actor, as a reasonable man, is required to anticipate and guard against the intentional, or even criminal, misconduct of others. In general, these situations arise where the actor is under a special responsibility toward the one who suffers the harm, which includes the duty to protect him against such intentional misconduct; or where the actor's own affirmative act has created or exposed the other to a recognizable high degree of risk of harm through such misconduct, which a reasonable man would take into account. The following are examples of such situations. The list is not an exclusive one, and there may be other situations in which the actor is required to take precautions.
>
> "* * * * *
>
> "B.   Where the actor stands in such a relation to the other that he is under a duty to protect him against such misconduct. Among such relations are those of carrier and passenger, innkeeper and guest, employer and employee, possessor of land and invitee, and bailee and bailor."

The following are plaintiff's allegations of negligence or gross negligence of defendants:

> "1.    In failing to change the locks to Room 164 following a prior theft occurring May 10, 1982 where there existed no signs of forced entry and the theft involved approximately $1,000 in personal property.
>
> "2.    Failing to change the locks to Rooms 163 and 164 following repeated unexplained loss of keys to said rooms.

"3.     In duplicating excessive keys designed for access to Rooms 163 and 164.

"4.     By maintaining a video security system not in proper working order.

"5.     In maintaining a video security system whose cameras were not placed so as to provide a view of the room rented to plaintiff.

"6.     In maintaining a video security system which was not regularly and properly monitored.

"7.     In lulling patrons of defendants, including plaintiff, into a false sense of security based on a video security system without disclosing that the system was not regularly monitored, not designed to allow video surveillance of the area outside all the rooms, or that the video recording equipment was not properly operating.

"8.     Knowing or having reason to know that said persons were not registered to Room 163 or 164, and failing to make inquiry upon observing two individuals leaving said rooms carrying luggage.

"9.     Knowing or having reason to know of a lost master key for the area in which plaintiff was staying, and failing to take adequate or any security measures to counteract the breach of security by changing the locks.

"10.    Knowing or having reason to know of the lost security for the particular building in which plaintiff was residing, in failing to warn plaintiff of the breach of security.

"11.    In failing to warn plaintiff of the repeated criminal activity in and about the defendants' premises as it might affect plaintiff.

"12.    Having reason to believe that a maid was involved in the prior theft, and failing to discharge said employee, or adequately supervise said employee to prevent further thefts."

Defendants' affidavits in support of their motion addressed only a few of those allegations in an attempt to demonstrate that there is no genuine issue of fact regarding plaintiff's claim that the inn was the scene of repeated criminal activity so as to give rise to a duty to warn. In addition, defendants' assistant manager at the time of the alleged theft stated in a deposition that the video security system was operating properly and was sufficiently well monitored at the time. Defendants did not offer any evidence regarding plaintiff's claims that they were negligent in

duplicating excessive keys and in failing to change the locks and that that negligence was the cause of plaintiff's loss. Because defendants did not by affidavit or otherwise actually dispute those claims, there remain genuine issues of fact for trial, and summary judgment was improper on the ground that defendants were not negligent as a matter of law.

■ The trial court stated, as an alternate ground that, because plaintiff had failed to present evidence on the issue of causation, he did not state a cause of action and summary judgment is proper. ORCP 47D provides, in pertinent part:

> "* * * When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

Because defendants did not sufficiently support their motion by dealing with all the material facts in plaintiff's complaint, plaintiff's unrebutted allegations still presented issues of fact, and plaintiff did not have to come forth with evidence of causation. *Henderson v. Hercules, Inc.,* 57 Or App 791, 795, 646 P2d 658 (1982). Plaintiff's complaint states a cause of action for negligence, and genuine issues of fact remain for trial. The trial court erred in granting defendants' motion for summary judgment.

Reversed and remanded.