Argued and submitted September 5, 1985, reversed and remanded July 2, 1986

# FALKENSTEIN,
## *Appellant,*

### *v.*

# PISHIONERI,
## *Respondent.*

### (16-84-01486; CA A34368)

720 P2d 1341

Randall E. Thwing, Eugene, argued the cause for appellant. With him on the briefs was Thwing & Thwing, Eugene.

James H. Anderson, Eugene, argued the cause for respondent. With him on the brief was Thompson, Mumford & Anderson, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff seller appeals the trial court's judgment after granting defendant buyer a summary judgment dismissing plaintiff's action at law for breach of a land sale contract. ORCP 47B. We find that there are issues of material fact to be resolved and reverse and remand.

Plaintiff seeks to recover a balloon payment and installments past due on March 1, 1984, under a land sale contract. These are the facts gathered from the pleadings and affidavits. On November 28, 1980, plaintiff and defendant entered into a land sale contract[1] which provided for $3,000 to be paid on execution, $35,000 to be paid in monthly installments of $440 and a balloon payment of $7,900 due 36 months after closing.[2] The contract required plaintiff to continue paying an underlying note and trust deed. Plaintiff alleged:

"Defendant is delinquent and in default under the terms of the Contract by reason of having failed to pay the monthly installments provided in the Contract from September, 1983 to date, and for failure to pay the sum of Seven Thousand Nine Hundred Dollars ($7,900) plus interest thereon at the rate of 12% per annum which was due in full on December 28, 1983."

Plaintiff also alleged that defendant agreed to pay plaintiff reasonable attorney fees.

Defendant's answer denied the allegations of breach and for attorney fees. She alleged affirmatively that she should be awarded reasonable attorney fees under the contract and:

"That plaintiff's complaint fails to state ultimate facts sufficient to constitute a claim against defendant."

Defendant's affidavit recounts the trustee's sale of the property because of plaintiff's failure to keep the underlying trust deed current. Defendant argued in her memorandum in support of her motion for summary judgment that plaintiff's failure to allege in the complaint "that he has performed

---

[1] The contract was amended in 1981, but the amendment is not relevant to this appeal.

[2] The balloon payment was an intermediate payment, due in 1983. Monthly installments would continue after payment of the balloon payment.

conditions on his part to be performed under the contract" (referring to plaintiff's duty to make payments on the underlying trust deed) amounted to a failure to state a claim. The trial judge agreed with defendant and granted summary judgment, asserting that it would be impossible for plaintiff to tender a deed.

The trial court erred in granting summary judgment on that ground. In this action for damages, plaintiff's duty to tender the deed is an independent covenant, and defendant cannot defend on the ground that plaintiff has not pleaded that he is ready, willing or able to tender a deed, if defendant has breached the contract by failing to make payments. *Braught v. Granas,* 73 Or App 488, 491, 698 P2d 1012 (1985). Nor is plaintiff's duty to pay the underlying note securing the trust deed a condition precedent to defendant's duty to make monthly payments and the balloon payment. A condition precedent is one that must be peformed before liability arises on the promise that the condition qualifies. Plaintiff's promise to pay the underlying trust deed and defendant's promise to make payments to plaintiff are independent promises.

However, a trial court ruling granting summary judgment may be upheld if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ORCP 47C. The parties agreed that there was no issue of material fact, but we disagree. We do not rely on what may or may not be admitted in the briefs on appeal in determining the propriety of summary judgment but only the pleadings, depositions, affidavits and admissions on file and considered by the trial court. ORCP 47C; *see Elliott v. Oregon International Mining Co.,* 60 Or App 474, 479, 654 P2d 663 (1982).

The record leaves fact questions unanswered. Specifically, plaintiff has alleged a breach of contract, and defendant has denied that allegation in her answer but has not addressed it in her affidavit. Therefore, whether defendant has breached the contract is an issue that must be resolved at trial. If plaintiff proves a breach, there are also questions regarding the proper measure and amount of damages. A party moving for summary judgment must deal with all the issues raised by the pleadings and must demonstrate that no material factual

issues remain regarding any issues raised by the pleadings. *Kutbi v. Thunderlion Enterprises,* 73 Or App 458, 698 P2d 1044, *rev den* 299 Or 584 (1985).

Reversed and remanded.