Argued and submitted November 28, 1988, reversed and remanded May 17, 1989

ZERBA,
*Appellant,*

*v.*

IDEAL MUTUAL INSURANCE COMPANY et al,
*Defendants,*

*and*

DOUG RUEDLINGER CO. et al,
*Respondents.*

(A8506-03918; CA A46908) .

773 P2d 1333

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellant.

Don G. Carter, Portland, argued the cause for respondents Doug Ruedlinger Co. and Oregon School Activities Association. With him on the brief was McEwen, Gisvold, Rankin & Stewart, Portland.

Thomas W. Brown, Portland, argued the cause for respondent Oregon Life and Health Insurance Guaranty Association. With him on the brief was Cosgrave, Kester, Growe, Gidley & Lagesen, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

RIGGS, J.

---

* Edmonds, J., *vice* Warden, J., retired.

**RIGGS, J.**

This is an action for a declaration of insurance coverage and damages for fraud and negligence. Plaintiff appeals a summary judgment granted in favor of certain defendants.[1] We reverse and remand.

Ideal sold a Scholastic Extra-Curricular Liability/ Lifetime Medical Policy (the Ideal policy) to sponsors of school events through Ruedlinger and OSAA. There were two forms of coverage available under the Ideal policy. "Athletic coverage" provided payment for catastrophic injuries sustained in events under the jurisdiction of OSAA. "Optional extended coverage" provided reimbursement for catastrophic injuries sustained in any high school activity under the supervision or instruction of a faculty member.

Plaintiff, then a high school junior, was injured in a wrestling match at the Oregon Wrestling Cultural Exchange meet on May 6, 1984. The meet was an "open" post-season meet at which high school wrestlers competed to be placed on an all-Oregon wrestling team that would compete internationally. The board of McLoughlin Union High School District, in which plaintiff was a student, voted on June 14, 1983, nearly 11 months before plaintiff's injury, to purchase both the athletic coverage and the optional extended coverage. The district sent a purchase order and a check for the athletic coverage in late April, 1984.[2] The payment was received by Ruedlinger on May 11, 1984, after plaintiff had been injured. The policy by its terms extended coverage from August 1, 1983, to August 1, 1984, and there is no dispute here as to the dates of coverage on the athletic coverage of the policy.

A separate purchase order and a check for the optional extended coverage were signed by the district on August 10, 1984, again after plaintiff had been injured, and were received by Ruedlinger on August 20, 1984. Ruedlinger

---

[1] Defendant Ideal Mutual Insurance Co. (Ideal) is in liquidation. Defendant Oregon Insurance Guarantee Association has been dismissed from the action by stipulation. Appellant has appealed from an ORCP 67B judgment, naming as respondents only defendants Doug Ruedlinger Co. (Ruedlinger), Oregon School Activities Association (OSAA) and Oregon Life and Health Insurance Guaranty Association (OLHI), to which we refer collectively as "defendants."

[2] Plaintiff and defendants disagree as to whether the payment was mailed on April 24 or April 25, but the exact date is immaterial here.

maintains that it did not accept the application for optional extended coverage and that it refunded the premium. Plaintiff maintains that the district never received a refund and was never notified that its application for optional extended coverage had been rejected.

■ Summary judgment was granted on the grounds that (1) the athletic coverage was unavailable to plaintiff, because he was not injured in an event under the "jurisdiction" of OSAA, as required by the terms of the policy; and (2) the optional extended coverage was never issued to the district. A summary judgment may be upheld if the pleadings, depositions and affidavits submitted to the trial court establish that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. ORCP 47C; *Falkenstein v. Pishioneri,* 80 Or App 203, 206, 720 P2d 1341 (1986). We review the record in the light most favorable to plaintiff. *See State ex rel Redden v. Will. Recreation,* 54 Or App 156, 159, 634 P2d 286 (1981). If there are any material issues of fact, we must reverse the summary judgment. *See City of Lake Oswego v. Grimm's Fuel Co.,* 34 Or App 67, 70, 577 P2d 1360, *rev dismissed* (1978).

■ As to the athletic coverage, the parties' dispute focuses on the meaning of the word "jurisdiction" as that term is used in the Ideal policy.[3] In essence, defendants contend that only those events expressly sanctioned by OSAA are under its jurisdiction. Plaintiff contends that the Cultural Exchange meet was under OSAA jurisdiction, because it was conducted according to OSAA rules and had a long history of association with the OSAA that resulted in its *de facto* control by that organization. Both positions are reasonable interpretations of the term "jurisdiction." As a general rule, the construction of a writing is a matter of law to be decided by the court, but, if the language of a contract is capable of more than one reasonable interpretation, the intent of the parties is a fact question. *May v. Chicago Insurance Co.,* 260 Or 285,

---

[3] The policy insures against catastrophic injury, provided that such injury is sustained by the student

"while participating as a member of an interscholastic athletic or activity program of the school, under the jurisdiction of the state high school association in a regularly scheduled and approved practice session or contest under the supervision of proper adult authority of the school * * *."

292-94, 490 P2d 150 (1971); *Oakridge Cablevision v. First Interstate Bank,* 65 Or App 640, 646, 673 P2d 532 (1983). The terms of an insurance policy are ambiguous "when they could reasonably be given a broader or a narrower meaning, depending upon the intention of the parties in the context in which [the terms] are used by them." *Shadbolt v. Farmers Insur. Exch.,* 275 Or 407, 410-11, 551 P2d 478 (1976). The evidence presented by plaintiff in support of his interpretation of the policy provisions is sufficient to raise a question about the intent of the parties. It was, therefore, error to grant summary judgment for the insurers on the athletic coverage claim.

■■ A question of fact also remains as to the existence of optional extended coverage under the Ideal policy. Defendants maintain that the application for that coverage was rejected, but there is evidence from which a trier of fact could find that the rejection was not communicated to the district by a premium refund or otherwise. As plaintiff points out, an insurer may be held to have accepted an application by acquiescence if the premium was not refunded.[4]

■ Defendants raise several additional arguments on appeal that were not presented to the trial court. Plaintiff has had no opportunity to present evidence pertaining to those issues, and we decline to address them now.

The remaining issues concern Ruedlinger's and OSAA's motions for summary judgment on plaintiff's claims for fraud and negligent misrepresentation. After OLHI, which was not named as a defendant in those claims, moved for summary judgment on the contract claim, Ruedlinger and OSAA filed their own motion for summary judgment. In that motion, they first joined in OLHI's motion on the contract claims. They also moved for summary judgment on the fraud and negligent misrepresentation claims on the ground that those claims alleged only that Ruedlinger and OSAA misrepresented Ideal's financial stability and that plaintiff could not show causation if there was no insurance coverage.

■ The trial court granted Ruedlinger's and OSAA's

---

[4] Plaintiff also contends that there is a disputed issue of fact as to the terms of the parties' agreement regarding the effective date of coverage, but this contention is without merit, because it is based on the terms of an informational brochure addressed only to the athletic coverage.

motion on the basis of its resolution of the contract claim. Because we reverse on the contract claim, we cannot affirm the summary judgment on the fraud and negligent misrepresentation claims on that ground. Reudlinger and OSAA also argue, however, that plaintiff's complaint fails to state claims for fraud and negligent misrepresentation. *See Handy v. Beck,* 282 Or 653, 581 P2d 68 (1978); *Flattery v. Gregory,* 397 Mass 143, 148-151, 489 NE2d 1257 (1986); *Waddell v. Davis,* 571 SW2d 844, 848 (Tenn 1978); 16A Appleman, *Insurance Law and Practice,* § 8837 (1981); 4 Corbin, *Contracts,* § 807 (1951); *see also Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979). They raised the issue below in motions against prior complaints under ORCP 21A and by an affirmative defense in their answer to the third amended complaint, but they did not raise the issue at the trial court in support of their motion for summary judgment. On remand, we leave the issue for the trial court's consideration in the first instance.

Reversed and remanded.