Claudia SONNEN, Plaintiff–Appellant,

v.

### AMERUS LIFE INSURANCE COMPANY, an Iowa corporation, Defendant–Appellee.

No. 05–35733.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Oct. 4, 2007.

Larry Dawson, Esq., Dawson & Dawson, West Linn, OR, for Plaintiff–Appellant.

Michael Pierson, Riddell Williams, PS, Seattle, WA, John J. Dunbar, Ball Janik & Novack, Portland, OR, for Defendant–Appellee.

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

---

## MEMORANDUM[*]

Claudia Sonnen appeals the district court's grant of summary judgment to AmerUs Life Insurance Company on her action to recover life insurance benefits upon the death of her husband, Patrick Sonnen. We affirm.

Under the law of the State of Oregon,[1] the district court did not err when it determined that the evidence would not support a determination that a binding life insurance contract had been formed. Rather than accept Mr. Sonnen's application, AmerUs proposed different terms, and Mr. Sonnen did not, and could not, comply with AmerUs's terms before it withdrew and returned his proposed premium.[2] *See Arboireau v. Adidas–Salomon AG,* 347 F.3d 1158, 1163 (9th Cir.2003) (" 'acceptance of an offer ... must ... correspond to the offer at every point' " (quoting *C.R. Shaw Wholesale Co. v. Hackbarth,* 102 Or. 80, 201 P. 1066, 1067 (1921) (internal quotation marks omitted))); *Olsen v. Fed. Kemper Life Assurance Co.,* 299 Or. 169, 700 P.2d 231, 233, 235 (1985) (contract formation); *Krause v. Wash. Nat'l Ins. Co.,* 255 Or. 446, 468 P.2d 513, 517–18 (1970) (same); *Morford v. Cal. W. States Life Ins. Co.,* 166 Or. 575, 113 P.2d 629, 635 (1941) (proposal of different terms); *Simmons v. All Am. Life Ins. Co.,* 115 Or.App. 409, 838 P.2d 1088, 1090 (1992) (the premium is an essential term); *Blakeslee v. Davoudi,* 54 Or.App. 9, 633 P.2d 857, 860 (1981) (counteroffer is rejection of original offer). Nor does AmerUs's retention of the premium during the counteroffer stage estop it from denying that a contract was entered into. *See Morford,* 113 P.2d at 635; *cf. Zerba v. Ideal Mut. Ins. Co.,* 96 Or.App. 607, 773 P.2d 1333, 1335–36 (1989) (stating if there is no communication of rejection and no refund, there may be an acceptance).[3]

AFFIRMED.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1] The parties agree that Oregon law controls.

[2] The premium was greatly increased, and acceptance was conditioned on Mr. Sonnen's continuing health. Incidentally, the original application also provided that Mr. Sonnen's statements about his health must remain true when the policy was delivered.

[3] We do not overlook Mrs. Sonnen's argument that AmerUs's uncommunicated allocation of the premium payment during the period before refund amounted to acceptance. But only communications and overt acts satisfy Oregon's objective theory of contract acceptance. *See Koepping v. Tri–County Metro. Transp. Dist. of Or.,* 120 F.3d 998, 1002 (9th Cir.1997); *Kitzke v. Turnidge,* 209 Or. 563, 307 P.2d 522, 527 (1957); *City of Canby v. Rinkes,* 136 Or.App. 602, 902 P.2d 605, 610 (1995).

