Argued March 5, reversed and remanded April 2, 1969

# HOLLIN ET VIR, *Appellants, v.* LIBBY, McNEILL & LIBBY, *Respondent.*

452 P2d 555

*J. Wallace Gutzler,* Woodburn, argued the cause for appellants. On the briefs were Gutzler & Davis, Woodburn.

*Asa L. Lewelling,* Salem, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

This is an appeal from an order dismissing plaintiffs' complaint after defendant's demurrer to the same was sustained on the ground that the complaint was not filed within the time allowed by law.

The complaint alleged that the parties entered into an agreement whereby plaintiffs were to raise strawberries on leased land and sell them to defendant in consideration of defendant's advancing land rental and expenses of planting, cultivating, and harvesting, with

repayment and adjustments from the proceeds of sale. It asserted that about June 1, 1961, which was soon after the planting had been completed, weeds infested the fields, necessitating expenditure of money for eradication, which money plaintiffs requested of defendant, and that:

"*   *   * [N]otwithstanding defendant's previous agreement to advance sums of money for said purpose and notwithstanding the fact that defendant knew and was advised of plaintiffs' inability to continue with performance of the contract without defendant's financial support, defendant wrongfully failed, neglected and refused to advance the additional sums of money needed, all in violation of defendant's contract with plaintiffs; that, notwithstanding repeated requests and notices by plaintiffs, defendant continued to fail to advance the requested sums of money.

"VIII

"That, by reason of defendant's failure to provide the requested sums of money for expenses, plaintiffs were unable to, and, by actions and by wrongful failure to act by defendant, were effectively prevented from completing their contract with defendant; that on or about July 1, 1961, defendant wrongfully ousted plaintiffs from possession of the leased premises, took over and assumed control of the strawberry growing operation thereon and employed others to cultivate, care for and harvest the crop, thereby giving no opportunity to plaintiffs to protect their interest in the crop and depriving plaintiffs of their interest in the field and its potential."

The foregoing quoted language constitutes the substance of the cause of action against which the demurrer was sustained. The demurrer was based upon two grounds: (1) the complaint failed to state a cause

of action; (2) the action was not timely commenced. The trial court's ruling was upon the latter ground.

Defendant contends the complaint seeks to state an action in tort, for the wrongful "ouster," and is controlled by the two-year statute of limitations. ORS 12.110(1). Defendant says that if its contention is wrong as to the two-year limitation, then the six-year limitation of ORS 12.080(1) for an action upon a contract is applicable. This statute would bar the action because the complaint alleges a breach on or about June 1, 1961; whereas, the action was commenced June 30, 1967. The plaintiffs' principal contention in briefs is that the plaintiffs' action is not for a tort, but is for a breach of contract. Plaintiffs' argument and precedents cited in its support make it appear that plaintiffs also rely on injury to personal property or trespass, which are also covered by the six-year limitation. ORS 12.080(3) (4).

■ We think defendant's contention with reference to the two-year limitation is untenable. A fair appraisal of the language quoted from the complaint leaves a clear conclusion: that plaintiffs were alleging a contract which defendant breached by particular conduct. The allegation of wrongful ouster in Paragraph VIII of the complaint alleges breach of contract, and did not change the action to one for tort. If plaintiffs were alleging a cause of action for breach of contract and another for tort arising out of the performance of the contract, they should have been separately stated. ORS 16.220. The gravamen of the complaint was breach of contract.

■ By the same token, if plaintiffs were going to rely upon trespass or injury to personal property growing out of the alleged ouster on July 1, 1961, they should not have mixed the allegations about them with

a cause of action based upon breach of contract. *Brown v. Jones et al,* 130 Or 424, 278 P 981 (1929), cited by plaintiffs, holds that a tenant upon real property may maintain an action for trespass upon the real property and injury to growing crops thereon which are treated as the tenant's personalty. The six-year limitation applies in such a case. But the holding in that case does not help plaintiffs in the case at bar, for there the plaintiff was a tenant bringing action against a third party trespasser. There was no allegation about a contract in that case, and no contractual relationship between the parties. Other cases plaintiffs have cited in support of their position as to trespass or injury to personalty are similarly not in point.

Plaintiffs, having elected to proceed upon an alleged breach of contract, must have properly alleged a breach which occurred within six years of the time the action was commenced, or fail. The breach of contract consisting of defendant's refusal to advance money on or about June 1, 1961, if it was a breach, was not argued by plaintiffs as being within six years of the commencement of the action. This leaves the allegation as to the ouster. The initial language in Paragraph VIII of the complaint relates to the refusal to advance money, but it refers also to "actions" by defendant, and the actions referred to in that same sentence are:

> "* * * [T]hat on or about July 1, 1961, defendant wrongfully ousted plaintiffs from possession of the leased premises, took over and assumed control of the strawberry growing operation thereon and employed others to cultivate, care for and harvest the crop, thereby giving no opportunity to plaintiffs to protect their interest in the crop and depriving plaintiffs of their interest in the field and its potential."

Was this allegation, in the context of the complaint and read with the subsequent allegations of damage, sufficient to state a cause of action?

In *Weaver et al v. Williams,* 211 Or 668, 317 P2d 1108 (1957), we held that failure of defendant to furnish logs to plaintiff's mill, pursuant to an agreement to do so for one-half of the proceeds from the lumber, where the defendant had the logs and disposed of them otherwise, were "actions * * * such as to foreclose further performance by the plaintiffs." 211 Or at 679.

■ The allegation that defendant on July 1 "ousted" plaintiffs from the property, "took over and assumed control of the strawberry growing operation," and gave plaintiffs "no opportunity" to protect their interests is, in the context of the complaint, an allegation that defendant did very definitely, by its deeds, refuse to perform its obligations under the alleged contract, in such a manner as to amount to a total breach. In *Weaver et al v. Williams,* supra, at page 676, we quoted with approval from 5 Williston on Contracts, 3715 (rev ed) § 1317:

> " "* * * As soon as a party to a contract breaks any promise he has made, he is liable to an action. In such an action the plaintiff will recover whatever damages the breach has caused. If the breach is a trifling one such damages cannot well be more than the direct injury caused by that trifling breach. But if the breach is serious or is accompanied by repudiation of the whole contract, it may and frequently will involve as a consequence that all the rest of the contract will not be carried out. This may be a necessary consequence of the situation of affairs or it may result simply from the plaintiff's right to decline to let the defendant continue performance, since even if all the remaining performances were properly rendered, the plaintiff would not get substantially what he bargained

for. The plaintiff is entitled to damages which will compensate him for all the consequences which naturally follow the breach, and, therefore, to damages for the loss of the entire contract.  *  *  *.' "

In *Krebs Hop Co. v. Livesley,* 59 Or 574, 114 P 944, 118 P 165 (1911), we held that a party to a contract has an election of remedies:

" '*  *  * (1) He may treat the contract as rescinded, and recover upon *quantum meruit* so far as he has performed; or (2) he may keep the contract alive for the benefit of both parties, being at all times himself ready and able to perform, and at the end of the time specified in the contract for performance, sue and recover under the contract; or (3) he may treat the repudiation as putting an end to the contract for all purposes of performance, and sue for the profits he would have realized if he had not been prevented from performing.' " 59 Or at 580.

*Krebs* holds that if the law compels the injured party to take action immediately upon breach he would be deprived of this choice of remedies; hence, he may waive a breach and wait to see if another occurs.

■ We conclude that the plaintiffs in the case at bar had the choice of awaiting a further breach. The one which they alleged as having occurred on July 1, 1961, was within six years of the time action was commenced, and it was error to sustain the demurrer on the ground assigned. We find no basis for the other ground for demurrer; namely, that no cause of action is stated in the complaint.

Reversed and remanded for further proceedings consistent with this opinion.