Argued March 3, reversed July 15, 1976

## NORTH RIVER INSURANCE COMPANY,
*Respondent,*

*v.*

## KOWALESKI, *Appellant.*

551 P2d 1286

*Paul N. Wonacott,* Portland, argued the cause for appellant. With him on the briefs were Wood, Wood, Tatum, Mosser & Brooke.

*Frank V. Langfitt, III,* Portland, argued the cause for respondent. With him on the brief were Joseph J. McCarthy and Hedrick, Fellows, McCarthy & Zikes, P.C.

McALLISTER, J.

## McALLISTER, J.

North River Insurance Company brought an action for declaratory relief, seeking an adjudication of whether Bernice Kowaleski had a claim under the terms of the uninsured motorist provisions of a policy issued to Bernice Kowaleski.

Both Bernice Kowaleski and her husband were named insureds under the plaintiff's automobile insurance policy. On August 8, 1972 the defendant was a passenger in a vehicle covered by the policy when it was struck by a vehicle driven by an uninsured motorist. The defendant alleged she received injuries as a result of the collision and made a claim for uninsured motorist benefits from the plaintiff.

The parties could not agree on the amount owed to the defendant. On July 8, 1974 defendant made a written request for arbitration to the plaintiff. On January 15, 1975 the defendant formally instituted arbitration proceedings in accordance with the rules of the American Arbitration Association.

The plaintiff contends the defendant has no cause of action against the plaintiff on the insurance policy under the provisions of ORS 743.792(12), which reads as follows:

> "Every policy required to provide the coverage specified in ORS 743.789 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. However, nothing contained in this section shall require the insurer to reproduce in such policy the particular language of any of the following provisions:
>
> * * * * *
>
> "(12) The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:
>
> "(a) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction;

"(b) Agreement as to the amount due under the policy has been concluded; or

"(c) The insured or the insurer has formally instituted arbitration proceedings."

Plaintiff moved for a judgment on the pleadings based on the fact that defendant did not institute arbitration proceedings until two years and five months after the accident had occurred and as a result her claim was barred.

The trial court found that ORS 743.792(12) controlled, and judgment on the pleadings was entered in favor of the plaintiff.

The question squarely presented to this court is whether the defendant is barred from arbitration of an uninsured motorist claim by the two-year limitation period contained in ORS 743.792(12) when the policy does not contain a similar limitation.

The plaintiff contends that ORS 743.792(12) prescribes a two-year limitation on actions under uninsured motorist provisions. Because the insurance policy in this action is silent as to a time limitation, ORS 743.792(12) should be read into the policy as if it were a part of the original contract of insurance.

The defendant contends that ORS 743.792(12) is only a permissive statute which allows the parties by contract to establish a two-year limitation in lieu of the normal six-year limit, and if the policy is silent the normal six-year statute of limitations for contract actions applies.

■ The clear and unambiguous language of ORS 743.792(12) supports the defendant.

■ The legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policy-holder in the same position he would have been in if the tortfeasor had had liability insurance. *Peterson v. State Farm Ins. Co.,* 238 Or 106, 112, 393 P2d 651 (1964). This court has held, however, that an

action between the insured and his own insurance company is based on the contract between them, and the six-year statute of limitations for contract actions, ORS 12.080(1), normally applies. *Turlay v. Farmers Insurance Exch.,* 259 Or 612, 624, 488 P2d 406 (1971) and cases cited therein. This holding is in accord with the majority of other jurisdictions which have been faced with the same question. Annotation, Uninsured Motorist Clause—Time Limit, 28 ALR3d 580, 582-583.

Among the states, California alone has a specific statute of limitations mandated for all actions based on uninsured motorist coverage. Cal. Ins. Code §11580.2(i); see, generally, *Freeman v. State Farm Mutual Auto. Ins. Co.,* 14 Cal 3d 473, 121 Cal Rptr 477, 535 P2d 341 (1975).

The legislative history of ORS 743.792(12) as discussed by both parties indicates that the legislature considered the mandatory language of the California statute, but chose to draft the Oregon statute permissively.

Insurance companies can avoid limitation problems by clarifying the terms of the policy so as to provide specifically for the two-year period. *Cf.* Widiss, Uninsured Motorist Coverage § 2.23 at 47-48 (1969). The plaintiff in this case did not choose to do so. There is no indication that the parties agreed to the two-year limitation, and therefore such an agreement cannot be read into the contract between them. *Schlecht v. Walsh,* 273 Or 221, 540 P2d 1011 (1975).

We conclude that in the absence of a specific agreement between the parties, ORS 743.792(12) does not apply. The limitation on defendant's bringing the action is the six-year period provided for in ORS 12.080(1).

We have examined the authorities cited by plaintiff and find them to be inapposite.

The judgment of the trial court is, accordingly,

reversed and judgment entered declaring defendant has the right to proceed with arbitration of her claim against the plaintiff under the uninsured motorist provisions of the policy.