Argued and submitted May 17, affirmed August 30, 1989

## WESTERN FIRE INSURANCE COMPANY, *Respondent,*

*v.*

## MILLER, *Appellant.*

### (A8708-05074; CA A49807)

778 P2d 965

Clayton H. Morrison, Beaverton, argued the cause for appellant. With him on the briefs was Dahn and Morrison, Beaverton.

Paul L. Roess, Portland, argued the cause for respondent. On the brief were Jas J. Adams and Acker, Underwood, Norwood & Hiefield, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff, defendant's automobile insurer, brought this action for a declaratory judgment that defendant is not entitled to the underinsured motorist coverage benefits that she claims. The trial court agreed with plaintiff and entered a judgment from which defendant appeals. We affirm.

Defendant is a Washington resident, and plaintiff issued the policy to her in Washington. Defendant was injured in an automobile accident that occurred in Oregon in 1982. She brought an Oregon action against the driver of the other vehicle, who the parties agree was underinsured. However, that action was barred by the Statute of Limitations and was dismissed. A Washington statute, RCW 48.22.030, with which plaintiff's policy comports, requires automobile insurance policies to provide underinsured motorist coverage for insureds "who are legally entitled to recover damages from owners or operators of underinsured motor vehicles." Defendant contends that she is entitled to benefits for the injuries that she sustained in the 1982 accident.

The parties agree that defendant would not be entitled to the benefits under ORS 743.792(12),[1] if Oregon law applies. Defendant argues that Washington law is applicable. Because we conclude that the same result follows under either state's law, it is unnecesary for us to resolve the choice of law question. *Olsen v. Federal Kemper Life Assurance Co.,* 68 Or App 90, 92, n 2, 681 P2d 144 (1984), *aff'd* 299 Or 169, 700 P2d 231 (1985).

Plaintiff contends that, under Washington law, defendant's claim does not come within the underinsured motorist coverage of the policy, because her action against the underinsured tortfeasor is barred, and she is therefore not "legally entitled to recover damages" from an underinsured

---

[1] ORS 743.792(12) provides:

"The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:

"(a) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction;

"(b) Agreement as to the amount due under the policy has been concluded; or

"(c) The insured or the insurer has formally instituted arbitration proceedings."

motorist. Plaintiff relies on *Sayan v. Automobile Association,* 43 Wash App 148, 716 P2d 895, *rev den* 106 Wash 2d 1009 (1986). The plaintiff in that case was injured by the negligent operation of a government vehicle. The court concluded that the plaintiff's right of action against the driver and the United States was barred by sovereign immunity and, therefore, that the plaintiff was not "legally entitled to recover" from the uninsured tortfeasor and was not entitled to uninsured motorist benefits under his insurance policy.

Defendant relies on *Safeco Insurance Co. v. Barcom,* 49 Wash App 903, 746 P2d 1226 (1987), which the Washington Supreme Court affirmed while this appeal was pending. 112 Wash 2d 575, 773 P2d 56 (1989). Plaintiff contends that that case is inapposite, because the issue in it was whether the limitation period for a contract action or the tort Statute of Limitations applied to the action by an insured for uninsured motorist coverage benefits. The case under review, according to plaintiff, presents the very different question of whether RCW 48.22.030 requires, or the policy provides, coverage and not what is the appropriate time period for bringing an action for underinsured benefits. Plaintiff argues that *Sayan v. Automobile Association, supra,* controls our decision of the question in this case. We agree.

Defendant contends that *Sayan* is not dispositive, because the insured's inability to proceed against the tortfeasor in that case resulted from a "substantive bar," while defendant's right of action against the tortfeasor here was defeated by a "personal defense." *Sayan* left open the question of whether its holding would extend to cases involving a personal defense of the tortfeasor. However, the language of RCW 48.22.030 and the logic of the opinion leave no room for distinctions based on *why* an insured is not legally entitled to recover damages from a tortfeasor. Defendant is not entitled to underinsured motorist coverage benefits under Washington law *or* Oregon law.

Affirmed.