Argued and submitted October 4, 1993, reversed May 4, petition for review denied August 9, 1994 (319 Or 572)

Feroz DASTEUR,
*Respondent,*

*v.*

AMERICAN ECONOMY INSURANCE CO.,
an Indiana corporation,
*Appellant.*

(91-6-131; CA A77745)

874 P2d 85

Cathy E. Smith argued the cause for appellant. With her on the briefs was Underwood, Norwood & Hiefield.

Ben C. Fetherston, Jr., argued the cause for respondent. With him on the brief were Clark, Lindauer, McClinton, Fetherston & Edmonds; Glazer & Associates, P.C., and Peter Glazer.

Before Edmonds, Presiding Judge, and Richardson, Chief Judge,* and Landau, Judge.

EDMONDS, P. J.

---

* Richardson, C. J., *vice* Durham, J.

## EDMONDS, P. J.

Defendant appeals from a declaratory judgment granted in plaintiff's favor, which declared that "defendant's insurance policy issued to plaintiff provides underinsured motorist coverage for the damages, including non-economic damages, caused by the wrongful death of plaintiff's son." ORS chapter 28. The judgment also requires that the amount of damages to be recovered be determined by binding arbitration. We reverse.

Plaintiff, a named insured, and his son were covered persons under an automobile liability policy, which is intended to conform to the coverage required by the underinsured motorist law, issued by defendant, ORS 742.502 *et seq.*[1] Plaintiff's son was killed in a car accident in Canada. The tortfeasor had liability insurance through the Insurance Corporation of British Columbia (ICBC). The limits of the ICBC coverage were $1,000,000 (Canadian). Plaintiff filed a claim against the tortfeasor in British Columbia, Canada.[2] Canadian law limits plaintiff's recovery to actual economic loss. Plaintiff settled the claim with ICBC for $50,000 (Canadian), which included $30,000 for the loss of the expectation of pecuniary benefit suffered by plaintiff and his wife. The remainder was paid for funeral expenses, other expenses and interest.

Plaintiff then brought this action seeking: (1) to reform the automobile liability policy issued by defendant to provide for $300,000 in uninsured/underinsured motorist coverage; (2) to determine whether plaintiff was entitled to recover underinsured motorist benefits of up to $300,000 under defendant's policy; and (3) damages and attorney fees

---

[1] ORS 742.502(1) provides, in part:

"Every motor vehicle liability policy insuring against *loss suffered by any natural person resulting from liability imposed by law for bodily injury or death* arising out of the ownership, maintenance or use of a motor vehicle shall provide therein or by indorsement thereon uninsured motorist coverage * * *." (Emphasis supplied.)

ORS 742.502 was amended by Oregon Laws 1993, chapter 29, section 11. Those amendments are not material to this case.

[2] The trial court found that "plaintiff filed [the] claim against the tortfeasor in British Columbia, Canada." It is unclear whether plaintiff filed the claim in his individual capacity or as representative of his son's estate.

for defendant's alleged breach of contract when it refused to pay underinsured benefits. Defendant agreed that the policy ought to be reformed, but maintained that it was not liable under the terms of the policy, because the tortfeasor who caused the death of plaintiff's son was not underinsured or, alternatively, that plaintiff had received all the damages he was "legally entitled to recover." The parties decided to proceed solely on the legal issue of plaintiff's entitlement to recover underinsured motorist benefits and, depending on the result of that litigation, agreed to arbitrate the issue of damages. The trial court ruled:

> "Although the tortfeasor's ICBC limits were $1,000,000 (Canadian), Canadian damage restrictions preclude recovery for some types of damages that are recoverable under Oregon law. Therefore, the tortfeasor's ICBC policy provided no coverage for non-economic bodily injury damages. Instead, the tortfeasor's policy provides coverage equal to the amount of plaintiff's economic loss, approximately $40,000 U.S. The tortfeasor's policy does not provide coverage for the full extent of plaintiff's damages. The tortfeasor's vehicle is uninsured/underinsured for purposes of triggering the uninsured/underinsured provisions of plaintiff's policy and plaintiff has an underinsured motorist claim within the terms of the plaintiff's policy."

This appeal followed.

 Neither party questions whether there is a justiciable controversy. Because a justiciable controversy is a jurisdictional prerequisite to invoking the provisions of ORS 28.010 *et seq*, we will examine it on our own motion. *Barcik v. Kubiaczyk*, 127 Or App 273, 873 P2d 456 (1994). A justiciable controversy requires that there be

> "parties having existing and genuine rights or interests; controversy on which judgment may effectively operate; controversy of a nature as to lend itself to final judgment in law or equity on rights, status or other legal relationships of one or more of real parties in interest; and the proceedings must be genuinely adversary in character as to engender thorough research and analysis of major issues." *State Farm Fire and Cas. Co. v. Reuter*, 294 Or 446, 449, 657 P2d 1231 (1983).

 The justiciable controversy issue arises because plaintiff is not the insured who suffered bodily injury or

death. The evidence shows that under Canadian law plaintiff was able to recover in his own name for his own pecuniary loss, as well as for bodily injury to his son, if no personal representative of his son's estate had been appointed. *See Family Compensation Act*, RSBC, ch 120, § 3(3) (1979) (Can.). In contrast, plaintiff has no independent right under Oregon law to recover for the wrongful death of his son. The action must be brought by the personal representative of the son's estate. *See* ORS 30.020. However, whether there is a justiciable controversy is not necessarily determined by the laws of the State of Oregon, inasmuch as plaintiff's claim is based on the insurance agreement between plaintiff and defendant.

The policy says:

"We will pay damages which a *covered person* is legally entitled to recover from the owner or operator of an *uninsured/underinsured motor vehicle* because of *bodily injury* sustained by a *covered person* and caused by an accident." (Emphasis in original.)

Plaintiff argues that "covered person" in the policy means an insured who suffers damages because of injury to another "covered person" (his son) under the policy. In *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982), the court said:

"In order for a court to entertain an action for declaratory relief, the complaint must present a justiciable controversy. Justiciability is a vague standard but entails several definite considerations. A controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests. The controversy must involve present facts * * *. A justiciable controversy results in specific relief through a binding decree as opposed to an advisory opinion which is binding on no one." (Citation omitted.)

Because plaintiff's argument about the meaning of his policy with defendant is one possible interpretation of the policy, we conclude that there is a justiciable controversy.

■ The next issue is whether the trial court was correct when it held that plaintiff was entitled to underinsured motor vehicle coverage. Defendant argues that, under the terms of the policy, it is required to pay only those damages that

plaintiff is "legally entitled to recover," and that plaintiff has received, under Canadian law, all the damages that he is legally entitled to recover from the tortfeasor. Plaintiff argues that the tortfeasor's policy covered only economic loss and that he has not recovered for "bodily injury," including

> "those noneconomic injuries such as pain and suffering, pecuniary loss to the decedent's estate and the like, damages which are not recoverable under British Columbia law [but are recoverable under ORS 30.020(2)]."

Plaintiff also argues that defendant is not entitled to take advantage of the Canadian damage limitation statute, and that plaintiff is required only to establish the tortfeasor's fault in order to be entitled to the underinsured motorist coverage. We hold that the issue turns on the meaning of the phrase "limits of liability" in the policy.

The governing rule of construction of an insurance contract is to ascertain the intention of the parties. The policy does not define the phrase "limits of liability." We will give the phrase the meaning that is evidenced by the context in which the term is used in the policy and the broader context of the policy as a whole. The resolution of that issue turns on a question of law. *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 836 P2d 703 (1992).

Defendant's policy provides coverage for losses that occur anywhere in Canada or in the United States. Under the policy, an "underinsured motor vehicle" means a vehicle "to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." The policy also says:

> "We will pay under this [uninsured/underinsured motorist coverage] only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements."

The language of the policy is consistent with ORS 742.502, which requires underinsured motorist coverage for damages or death caused by a motor vehicle "that is insured for an *amount* that is less than the insured's uninsured motorist coverage." (Emphasis supplied.)

It is apparent from the language of the policy and the statute that the underinsured clause is applicable to dollar "amounts" or "limits" of coverage and does not contemplate differences in the scope of recovery that may vary from jurisdiction to jurisdiction resulting from legislative choices. The fact that plaintiff's son could not recover for pain and suffering or that plaintiff could not recover for loss of society and companionship in Canada is of no consequence to the determination of underinsurance. The tortfeasor's insurance limits were $1,000,000 (Canadian). If reformed as requested, plaintiff's limits would be $300,000. Consequently, as a matter of definition, plaintiff's underinsured benefits were not triggered. *See Shisler v. Fireman's Fund Ins. Co.*, 87 Or App 109, 741 P2d 529 (1987).

Reversed.