Argued and submitted November 22, 1993, reversed and remanded July 6, petition
for review denied November 15, 1994 (320 Or 360)

Morgan KALHAR,
*Appellant,*

*v.*

TRANSAMERICA INSURANCE COMPANY,
*Defendant,*

*and*

FARMERS INSURANCE COMPANY
OF OREGON,
*Respondent.*

(9105-02763; CA A78953)

877 P2d 656

Thomas J. Mortland argued the cause for appellant. With him on the briefs was Breathouwer, Gilman & Mortland.

John S. Cavanagh argued the cause for respondent. With him on the brief was Cavanagh & Zipse.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, *vice* Durham, J.

## DEITS, P. J.

Plaintiff brought an action against his insurer, defendant Farmers Insurance Company of Oregon (Farmers), seeking uninsured motorist benefits. Both parties moved for summary judgment. The trial court granted Farmers's motion and entered judgment for Farmers. Plaintiff appeals, and we reverse.

On May 6, 1989, plaintiff was a passenger in a vehicle driven by Moe when it was rear-ended by an uninsured vehicle. Both plaintiff and Moe were injured. The vehicle in which plaintiff was riding was covered by an insurance policy issued by Transamerica Insurance Company (Transamerica). That policy provided uninsured motorist coverage with a limit of $500,000 per accident. Both plaintiff and Moe presented uninsured motorist claims to Transamerica. Before plaintiff's claim against Transamerica was resolved, Moe's claim proceeded to arbitration. Moe was awarded an amount that exhausted the funds available under the Transamerica policy.

In February, 1992, plaintiff demanded arbitration of his uninsured motorist claim under Farmers's policy. Farmers refused to arbitrate plaintiff's claim and denied coverage. Plaintiff then brought this action seeking a declaration of coverage under the uninsured motorist provisions of his policy with Farmers. Plaintiff did not file suit against the uninsured motorist. When he demanded arbitration of his uninsured motorist claim under Farmers's policy, his tort claim against the uninsured motorist was barred by the two-year statute of limitations.

The pertinent language in Farmers's policy provides:

"We will pay all sums which an **insured person** is *legally entitled to recover* as **damages** from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured person**." (Emphasis supplied; bold in original.)

The trial court concluded that plaintiff was not "legally entitled to recover" damages from the uninsured motorist, because his claim against the uninsured motorist was barred by the applicable statute of limitations. Therefore, the trial court concluded that plaintiff was not entitled to uninsured

motorist benefits under Farmers's policy. Accordingly, it granted Farmers's motion for summary judgment and denied plaintiff's motion for summary judgment.

Plaintiff assigns error to the trial court's grant of summary judgment to Farmers. Plaintiff argues that the trial court erred in concluding that he was not entitled to uninsured motorist benefits under his policy with Farmers because he had not filed suit against the uninsured motorist within the two-year statute of limitations for tort actions. Plaintiff argues that the phrase "legally entitled to recover" in the policy requires him to establish only that the uninsured motorist was at fault and the extent of his damages. He argues that Farmers's policy does not require an insured to file suit against the uninsured motorist before seeking uninsured motorist benefits and that such a requirement may not be read into the phrase "legally entitled to recover." He asserts that the policy does not contain a provision that limits the amount of time that he has to file a claim for uninsured motorist benefits and, therefore, the applicable statute of limitations is the six-year limitation period for contract actions. In his view, the language of the policy, and the cases that have interpreted the same or similar language, support his interpretation of the policy.

Farmers acknowledges that "legally entitled to recover" cannot mean that an insured must file a lawsuit against the uninsured motorist before being entitled to coverage under its policy, because such an interpretation would be more restrictive than ORS 742.504(12);[1] rather, Farmers argues that the insured must have a *viable claim* at the time the insured demands coverage. According to Farmers, plaintiff was not entitled to uninsured motorist benefits under its policy, because his claim against the uninsured motorist was barred by the statute of limitations and, therefore, plaintiff did not have a viable claim at the time that he demanded coverage.

Farmers argues that our decision in *Western Fire Ins. Co. v. Miller*, 98 Or App 79, 778 P2d 965 (1989), controls

---

[1] The statute was amended in 1993. Or Laws 1993, ch 596, § 38. The amendments are not relevant to this appeal. Our references are to the earlier version of the statute.

the outcome of this case. We disagree. In *Western Fire*, the insured, a Washington resident insured by a Washington insurer, was injured in an automobile accident in Oregon involving a driver who was underinsured. The insured brought an action in Oregon against the underinsured driver. However, the action was barred by the applicable Oregon statute of limitations. A Washington statute, with which the insurer's policy was required to comply, provided that policies must provide underinsured motorist coverage for insureds "who are legally entitled to recover damages from owners or operators of underinsured motor vehicles." The insurer argued that, because the insured's claim against the underinsured motorist was barred by the statute of limitations, she was not "legally entitled to recover damages" from the underinsured motorist and, therefore, was not entitled to coverage under the underinsured motorist provisions of her policy. On the basis of our interpretation of *Washington* law, we agreed with the insurer in that case, reasoning that a Washington decision, *Sayan v. United Services Auto. Ass'n.*, 43 Wash App 148, 716 P2d 895, *rev den* 106 Wash 2d 1009 (1986), left "no room for distinctions based on *why* an insured is not legally entitled to recover damages from a tortfeasor." 98 Or App at 82. (Emphasis in original.) However, we made it clear that "[t]he parties agree that [insured] would not be entitled to the [underinsured motorist] benefits under ORS 743.792(12) [since renumbered ORS 742.504(12)], if Oregon Law applies." Unlike this case, in *Western Fire*, we did not interpret *Oregon* law, but simply accepted the parties' stipulation about it for purposes of their case. Accordingly, our decision in *Western Fire Ins. Co. v. Miller, supra*, does not control the outcome of this case.

ORS 742.504 specifically allows an insurer to require that, within two years of the accident, the insured file suit against the uninsured motorist, reach an agreement with the insurer, or demand arbitration of an uninsured motorist claim in order to be entitled to uninsured motorist benefits. That statute provides:

> "Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy[:]

"* * * * *

"(12)  The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:

"(a)  Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction;

"(b)  Agreement as to the amount due under the policy has been concluded; or

"(c)  The insured or the insurer has formally instituted arbitration proceedings."

In *North River Insur. v. Kowaleski*, 275 Or 531, 551 P2d 1286 (1976), the court held that, if such a provision is not included in a policy, the filing requirement will not be read into it:

"The question squarely presented to this court is whether the [insured] is barred from arbitration of an uninsured motorist claim by the two-year limitation period contained in ORS 743.792(12) [since renumbered ORS 742.504(12)] when the policy does not contain a similar limitation.

"The [insurer] contends that ORS 743.792(12) prescribes a two-year limitation on actions under uninsured motorist provisions. Because the insurance policy in this action is silent as to a time limitation, ORS 743.792(12) should be read into the policy as if it were a part of the original contract of insurance.

"The [insured] contends that ORS 743.792(12) is only a permissive statute which allows the parties by contract to establish a two-year limitation in lieu of the normal six-year limit, and if the policy is silent the normal six-year statute of limitations for contract action applies.

"The clear and unambiguous language of ORS 743.792(12) supports the [insured].

"* * * * *

"Insurance companies can avoid limitation problems by clarifying the terms of the policy so as to provide specifically for the two-year period. * * * The [insurer] in this case did not choose to do so. There is no indication that the parties agreed to the two-year limitation, and therefore such an agreement cannot be read into the contract between them." 275 Or at 534. (Citations omitted.)

Farmers's policy does not contain a provision similar to ORS 742.504(12) and, therefore, we will not read that requirement into the policy.

■     We agree with the majority of states that have addressed the issue and conclude that "legally entitled to recover" in the context of uninsured motorist coverage means that an insured must establish fault and the extent of damages.[2] In other words, in a direct action against an insurer for uninsured motorist benefits, the insured has the burden to establish that the motorist was uninsured, that the other motorist is legally liable for damages to the insured, and the amount of liability. We find persuasive the following commentator's observations:

> "It is beyond dispute that the policy language 'legally entitled to recover' is designed to condition the coverage on fault—that is, a claimant must be prepared to prove that the injuries resulted from the tortious conduct of an underinsured [or uninsured] motorist. The evidence must show that the injuries were causally related to the motor vehicle accident and the burden of proof on this issue initially rests with the claimant.

---

[2] *See, e.g., State Farm Mut. Auto. Ins. Co. Inc. v. Griffin*, 51 Ala App 426, 286 So 2d 302 (1973) (phrase "legally entitled to recover" means that the insured must establish uninsured motorist's fault and extent of damages; insured need not file suit against the uninsured motorist; contract statute of limitations applies to uninsured motorist claims); *Allstate Ins. Co. v. Elkins*, 77 Ill 2d 384, 396 NE2d 528 (1979) (claimant is "legally entitled to recover" damages if fault of uninsured motorist is established and extent of damages despite tortfeasor's interspousal immunity defense); *Winner v. Ratzlaff*, 211 Kan 59, 505 P2d 606 (1973) (phrase "legally entitled to recover as damages" means that the insured must establish uninsured motorist's fault, legal liability, and extent of damages; contract statute of limitations applies; insured need not demand arbitration within tort statute of limitations); *Booth v. Fireman's Fund Ins. Co.*, 253 La 521, 218 So 2d 580 (1969) (phrase "legally entitled to recover" does not require insured to establish the timely filing of a suit against tortfeasor uninsured motorist); *Selected Risks Ins. Co. v. Dierolf*, 138 NJ Super 287, 350 A2d 526 (Ch Div 1975) (phrase "legally entitled to recover" does not bar arbitration of an uninsured motorist claim merely because the claim against the tortfeasor is time-barred); *DeLuca v. Motor Vehicle Accident Indem. Corp.*, 17 NY2d 76, 268 NYS2d 289, 215 NE2d 482 (1966) (claimant was "legally entitled to recover" damages for acts of the uninsured motorist within meaning of insurance policy despite tortfeasor's statute of limitations defense); *Uptegraft v. Home Ins. Co.*, 662 P2d 681 (Okl 1983) (claimant is "legally entitled to recover" damages within meaning of uninsured motorist policy upon establishing uninsured motorist's fault and extent of damages despite tortfeasor's statute of limitations defense); *Sahloff v. Western Cas. & Sur. Co.*, 45 Wis 2d 60, 171 NW2d 914 (1969) (phrase "legally entitled to recover" does not require that insured have an enforceable claim against the tortfeasor at the time of suit against the insurer).

"* * * * *

"A very persuasive case exists for allowing an insured to recover underinsured [or uninsured] motorist insurance when a tort immunity precludes securing indemnification from a tortfeasor. For example, in an Oklahoma case involving underinsured motorist coverage, legislation provided that the liability of a political subdivision was limited to $25,000 for any single claim. The claimant sought underinsured motorist coverage as a result of a death in an automobile accident, and the insurer rejected the underinsured motorist insurance claim on the basis that persons must be 'legally entitled to recover,' for the damages they have sustained.

"The Oklahoma Supreme Court held that while various constructions might be given to the phrase 'legally entitled to recover,' holding that the words simply mean that the insured must be able to establish fault on the part of the uninsured motorist 'is essentially fair and . . . comports with the fundamental concept that all contracts should be construed so as to effect the intentions of the parties.' The court commented that[:] 'The object to be accomplished by the uninsured/underinsured motorist provisions of the automobile liability insurance policy issued by Allstate to the insured is that the insured party would be indemnified should he be unable to recover fully from the motorist causing his injuries' and 'Whether the tortfeasor's inability to make full compensation results from lack of sufficient insurance, insolvency, or for another reason, is irrelevant.' " 3A Widiss, *Uninsured and Underinsured Motorist Insurance* 31-35, § 34.2 (2d Ed 1992).

■■ A claim for uninsured motorist benefits exists solely by reason of the coverage provided by the insurance policy; an insurer's liability for the tort of another is created by contract. In Oregon, absent an express provision in the policy to the contrary, an insured is not required to file a suit against the uninsured motorist, or to demand uninsured motorist benefits within the two-year limitation period for tort actions, in order to be entitled to uninsured motorist benefits. If there is no contrary provision in the policy, an insured's claim for uninsured motorist benefits under an insurance policy is a contract action subject to a six-year statute of limitations. *North River Ins. Co. v. Kowaleski, supra.* The trial court erred in granting summary judgment to Farmers.

Plaintiff does not assign as error the trial court's denial of his motion for summary judgment. Accordingly, we do not address that issue.

Reversed and remanded.