Argued and submitted January 30, affirmed May 17, petition for review allowed
September 5, 1995 (321 Or 560)
See later issue Oregon Reports

Mary Ruth VEGA
and Millard Vega,
*Respondents,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
an Oregon corporation,
*Appellant.*

(93C-12442; CA A84679)

895 P2d 337

Keith J. Bauer argued the cause for appellant. With him on the briefs were Billy M. Sime and Parks, Bauer & Sime.

Willard E. Merkel argued the cause for respondents. With him on the brief was Popick & Merkel.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

■      On cross-motions for summary judgment, plaintiffs were granted a declaratory judgment that they are entitled to uninsured/underinsured motorist (UM/UIM) coverage under a policy purchased from defendant, Farmers Insurance Company of Oregon. Defendant appeals, assigning error to the trial court's denial of its motion and the granting of plaintiffs' motion. There are no genuine issues of material fact. We review to determine which party is entitled to judgment as a matter of law, *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993); *Cochran v. Connell*, 53 Or App 933, 940, 632 P2d 1385, *rev den* 292 Or 109 (1981), and affirm.

On June 15, 1987, plaintiffs were injured when their automobile collided with a vehicle driven by Gallucci. Plaintiffs were insured under a policy issued by defendant that provided UM/UIM coverage with limits of $100,000 per person and $300,000 per accident. Gallucci was insured by Allstate Insurance Company under a policy with liability limits of $50,000 per person and $100,000 per accident. On June 14, 1989, plaintiffs filed a negligence complaint against Gallucci in Marion County Circuit Court. A letter sent to plaintiffs' attorney on June 25, 1990, notified them that Gallucci had died on May 19, 1990. Because plaintiffs failed to amend their complaint within one year to name Gallucci's personal representative or successor in interest as defendant, *see* ORCP 34 B(2), the court entered a judgment dismissing their complaint with prejudice on October 2, 1992.

In early 1993, plaintiffs submitted a claim for UM/UIM coverage under their policy with defendant, which defendant denied. In March 1993, plaintiffs demanded arbitration in accordance with provisions of the policy. Defendant refused to participate. On August 23, 1993, plaintiffs filed this action for declaratory relief. The trial court held that plaintiffs are legally entitled to UM/UIM coverage and that Gallucci's liability and the amount of damages should be determined by arbitration or further court action.

■      Defendant first argues that it was entitled to summary judgment because plaintiffs' complaint is barred by the statute of limitations. It concedes that its policy does not

contain a two-year limitation period similar to that authorized by ORS 742.504(12)[1] and that plaintiffs' UM/UIM claim is therefore subject to the six-year statute of limitations for breach of contract actions, pursuant to ORS 12.080(1). *North River Insur. v. Kowaleski*, 275 Or 531, 535, 551 P2d 1286 (1976). However, defendant argues that plaintiffs' claim accrued on June 15, 1987, the date of the automobile accident, and that their complaints were not timely because they were not filed until August 23, 1993, more than six years later. Plaintiffs maintain that their cause of action did not accrue until defendant breached the insurance contract.

■■ ORS 12.010 provides that the statute of limitations commences when an action accrues. An action by an insured against an insurer for UM/UIM coverage is based on their contract and the insurer's liability stems from that contractual relationship. *Turlay v. Farmers Insurance Exch.*, 259 Or 612, 624, 488 P2d 406 (1971); *Kalhar v. Transamerica Ins. Co.*, 129 Or App 38, 45, 877 P2d 656, *rev den* 320 Or 360 (1994).[2] If each party performs in accordance with the terms

---

[1] ORS 742.504 provides, in part:

"Every policy required to provide coverage specified in ORS 742.502 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. However, nothing contained in this section shall require the insurer to reproduce in such policy the particular language of any of the following provisions:

"* * * * *

"(12) The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:

"(a) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction;

"(b) Agreement as to the amount due under the policy has been concluded; or

"(c) The insured or the insurer has formally instituted arbitration proceedings."

[2] This rule comports with the majority of courts in other jurisdictions that have addressed the issue. Those courts have concluded that an action by an insured against an insurer for UM/UIM coverage sounds in contract rather than in tort and, absent a contrary provision in the policy, the general statute of limitations begins to run when the insurer denies coverage and rejects the insured's claim. *See, e.g., Allstate Ins. Co. v. Spinelli*, 443 A2d 1286 (Del Sup 1982); *see generally* Annotation, *Uninsured Motorist Clause — Time Limit*, 28 ALR3d 580, 584-87 (1969), and Supp 47-49 (1994).

Defendant advocates adoption of the minority position and cites *State Farm*

of the contract, neither party has cause to complain. An action on a contract accrues when there is a breach. *Hollin v. Libby, McNeill & Libby*, 253 Or 8, 13, 452 P2d 555 (1969); *Kantor v. Boise Cascade Corp.*, 75 Or App 698, 703, 708 P2d 356 (1985), *rev den* 300 Or 506 (1986).

According to the terms of the policy issued by defendant, if plaintiffs and defendant do not agree about plaintiffs' legal entitlement to damages or the amount of payment required under the policy, either party "may demand that the issue be determined by arbitration," and the arbitrator "shall determine" the resolution of those issues. Plaintiffs demanded arbitration in March 1993. Defendant refused to participate in arbitration. Plaintiffs' cause of action accrued at that time, and was, therefore, timely filed in August 1993. The trial court did not err in denying defendant's motion for summary judgment on the ground that plaintiffs' complaints were barred by the statute of limitations.

■ Defendant next argues that plaintiffs do not have uninsured motorist (UM) coverage, because ORS 742.504-(2)(d) and (e) define "uninsured vehicle" to exclude any vehicle that is insured at or above the minimum statutory level. ORS 806.070(2) establishes the minimum coverage for bodily injury liability as $25,000 per person and $50,000 per accident. Therefore, Gallucci's vehicle was not uninsured under the statutory definition. Plaintiffs respond that under the terms of defendant's policy, Gallucci's vehicle was "uninsured," because his $50,000 liability policy provided less coverage than plaintiffs' $100,000 UM/UIM policy. Plaintiffs are correct.

■ ■ ORS 742.504 is a permissive statute that allows parties to agree to terms that "are no less favorable to the insured" than the statutory provisions. *North River Insur.*, 275 Or at 534. The policy issued by defendant provides:

---

*Mut. Auto Ins. Co. v. Kilbreath*, 419 So 2d 632 (Fla 1982). That case, like others holding that a cause of action for a UM/UIM claim accrues on the date of the accident, reasons that the claim sounds in tort because it stems from the insured's right of action against the tortfeasor.

Defendant objects to the majority rule on the ground that it "would effectively eliminate the statute of limitations on any [UM/UIM] claim," because the insured could wait an indeterminate period before making a claim against the insurer. Defendant could have avoided that limitation problem by including in the terms of its policy the two-year period that is authorized by ORS 742.504(12). *North River Insur. v. Kowaleski*, 275 Or 531, 535, 551 P2d 1286 (1976).

"PART II — UNINSURED MOTORIST

"Coverage C — Uninsured Motorist Coverage

"(Including Underinsured Motorist Coverage)

"* * * * *

"3. **Uninsured motor vehicle** means a motor vehicle which is:

"a. Not insured by a **bodily injury** liability bond or policy at the time of the **accident**.

"b. Insured by a **bodily injury** liability bond or policy at the time of the **accident** which provides coverage in amounts less than the limits of Uninsured Motorist Coverage shown in the [policy]." (Boldface in original.)

The policy unambiguously defines "uninsured vehicle" to include an underinsured vehicle and characterizes UIM coverage as a subset of UM.

Defendant appears to attach significance to its attempted distinction between UM and UIM by claiming that the purpose of UM — to place the insured in the same position as if the tortfeasor had had liability coverage, *North River Insur.*, 275 Or at 534 — would not be served in this case. However, in *Mutual of Enumclaw Ins. Co. v. Key,* 131 Or App 130, 134, 883 P2d 875 (1994), *rev den* 320 Or 567 (1995), we explained that the purpose of UIM is to place the insured in the same position "as if the tortfeasor had had liability coverage equal to the amount of the UM/UIM coverage." Hence, with respect to the issue of availability of coverage, defendant's attempt to eliminate coverage on the basis of a distinction between UM and UIM misses the point. Whether plaintiffs' coverage is characterized as UM that includes UIM or merely as UIM is irrelevant to the issue of whether plaintiffs have coverage under their policy with defendant.

■ Defendant next argues that plaintiffs are not entitled to UIM coverage, because they failed to exhaust the liability coverage available under Gallucci's policy. According to defendant, plaintiffs' UIM claims are barred by the following provision in the policy:

"Other Insurance

"1. We will pay under this coverage *only after* the limits of liability under any applicable **bodily injury** liability bonds

or policies have been *exhausted* by payment of judgments or settlements.

"2. The amount of Uninsured Motorist Coverage we will pay under Additional Definitions 3b shall be *reduced by* the amount of any other **bodily injury** coverage *available* to any party held to be liable for the **accident**." (Boldface in original; emphasis supplied.)

Plaintiffs argue that their failure to exhaust Gallucci's liability coverage does not bar them from recovering UIM benefits from defendant. They contend that the exhaustion requirement in the policy issued by defendant is inconsistent with ORS 742.502(2)(a). That statute provides that UIM benefits shall be equal to the policy's UM limit "less the amount *recovered* from other automobile liability insurance policies." (Emphasis supplied.) They contend that the policy language is invalid because it is less favorable to them than ORS 742.504(7)(c),[3] which specifies that the amount payable under UIM coverage shall be reduced by all sums *paid* by the tortfeasor's liability coverage.

■　　Again, plaintiffs are correct. To require plaintiffs to first recover from Gallucci's policy is inconsistent with ORS 742.504(7)(c), which requires only that the amount payable by defendant shall be reduced by the amount actually paid to plaintiffs by or on behalf of Gallucci. The particular terms of the exhaustion provision in defendant's policy is clearly less favorable to plaintiffs than the statutory floor mandated by ORS 742.504 and, therefore, is invalid. Accordingly, the policy should be read as if it contained the statutory requirement.

---

[3] ORS 742.504 provides, in part:

"Every policy required to provide the coverage specified in ORS 742.502 shall provide [UM/UIM] coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy * * *:

"* * * * *

"[7](c) Any *amount payable* under the terms of this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage *shall be reduced by*:

"(A)　*All sums paid* on account of such bodily injury by or on behalf of the owner or operator of the uninsured vehicle and by or on behalf of any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy[.]" (Emphasis supplied.)

Defendant argues that our decisions in *Stembridge v. West American Ins. Co.*, 109 Or App 552, 823 P2d 418 (1991), *Estate of Salma S. Serang v. Amer. States Ins. Co.*, 127 Or App 405, 873 P2d 367 (1994), and *Dasteur v. American Economy Ins. Co.*, 127 Or App 686, 874 P2d 85 (1994), require that other available liability coverage must be exhausted before an insured is entitled to pursue a UIM claim. We disagree. Those cases do not address the issue squarely presented here. In *Stembridge*, we interpreted a policy's exhaustion provision as written. We explicitly did not consider whether the policy conflicted with any statutory provisions. 109 Or App at 554 n 2. *Estate of Salma S. Serang* also involved the construction of an insurance policy, but raised as well the question of whether the policy's exhaustion requirement conflicted with ORS 742.504(11)(c). We concluded that, because the plaintiff did not elect to proceed first under the UM/UIM benefits, any conflict between the exhaustion requirement and ORS 742.504(11)(c) was irrelevant to the outcome of that case. 127 Or App at 408. In *Dasteur*, we were asked to construe the phrase "limits of liability" in the plaintiff's policy. We concluded that the plaintiff's UIM benefits were not triggered, because the tortfeasor was insured for an amount that was more than the plaintiff's UM coverage. 127 Or App at 692. The question of whether the policy's exhaustion provision was consistent with the statutory language in ORS 742.504 was not before us.

Finally, defendant argues that plaintiffs are barred from claiming UM/UIM benefits, under both the statutes and the policy,[4] because they are not "legally entitled to recover"

---

[4] ORS 742.504 requires UM/UIM policy language that is no less favorable to the insured than the following:

"(1)(a) The insurer will pay all sums which the insured * * * shall be *legally entitled to recover* as general and special damages from the owner or operator of an uninsured[/underinsured] vehicle because of bodily injury sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured[/underinsured] vehicle." (Emphasis supplied.)

Defendant's policy provides:

"PART II — UNINSURED MOTORIST

"Coverage C — Uninsured Motorist Coverage

"(Including Underinsured Motorist Coverage)

"We will pay all sums which an **insured person** is *legally entitled to recover* as **damages** from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured person**." (Boldface in original; emphasis supplied.)

damages from Gallucci since their underlying cause of action against Gallucci was dismissed with prejudice. We have previously held that the phrase, "legally entitled to recover," means that the insured must be able to show the extent of the damages and that the uninsured/underinsured motorist was at fault. *Kalhar*, 129 Or App at 44.[5] A direct right of action against the motorist is not a condition of the policy.

The trial court did not err in granting plaintiffs' motions for summary judgment declaring that they are legally entitled to UM/UIM coverage, and in denying defendant's motion.

Affirmed.

---

[5] Defendant was also a party to *Kalhar*, and we rejected its argument that "the insured must have a *viable claim* at the time the insured demands coverage." *Kalhar*, 129 Or App at 41. (Emphasis in original.)